558 A.2d 600

**Robert D. WOLFE, Jr., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 1989.

Decided May 15, 1989.

Robert Greevy, Chief Counsel, Arthur R. Thomas, Asst. Counsel, Pennsylvania Bd. of Probation and Parole, Harrisburg, for respondent.

Kent D. Watkins, St. Clair, for petitioner.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

OPINION

CRUMLISH, Jr., President Judge.

Robert D. Wolfe appeals a Board of Probation and Parole (Board) order denying administrative relief from an order recommitting him for twenty-seven months as a convicted parole violator. We affirm.

Following his release on parole, Wolfe's parole supervision was transferred to the State of Maryland pursuant to interstate compact. When he was arrested and convicted in that jurisdiction for hit-and-run, eluding police, and assault, the Board issued a warrant for Wolfe's arrest for parole violations. A second warrant was delivered to Maryland police to whom Wolfe was released on November 22, 1985. That same day, a Maryland District Court released Wolfe on bail pending an extradition hearing. Board records indicate that Wolfe appeared for a hearing on January 23, 1986, at which time the judge entered a "nolle pross" in the record. The Board thereafter forwarded a Governor's warrant[1] to the Maryland authorities, who scheduled an extradition hearing for February 18, 1986. Board agents appeared but Wolfe did not. Wolfe was rearrested in Maryland on June 27, 1987, released on bail, and later failed to appear at two scheduled hearings, also attended by Board agents. Certified Record, pp. 20, 21, 23. Nine months later, when the Board was notified of Wolfe's arrest in Florida, it issued a third warrant and Wolfe was returned to Pennsylvania where he was recommitted for his 1985 Maryland convictions.

1. 42 Pa.C.S. § 9144(b).

Wolfe contends that the Board's failure to send agents to attend the January 23, 1986 hearing at which extradition charges were dismissed, and its failure to otherwise pursue its warrant, caused the Board to lose jurisdiction. He also argues that the Board's failure to act on its warrant prior to the maximum expiration date of his original sentence bars further Board action through the doctrine of laches. We find no merit to these contentions.[2]

▮▮▮ Under Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a), the Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after his original maximum sentence has expired. *Doll v. Pennsylvania Board of Probation and Parole,* 32 Pa.Commonwealth Ct. 340, 379 A.2d 892 (1977). Further, Section 1 of the Act of June 25, 1937, P.L. 2086, *as amended,* 61 P.S. § 321, pertaining to interstate parole compacts provides that officers of a sending state may at all times enter a receiving state and retake person on parole, *without formalities* other than establishing their own authority and the identity of the person taken.[3] *See Davis v. Pennsylvania Board of Probation and Parole,* 91 Pa.Commonwealth Ct. 513, 498 A.2d 6 (1985).

**2.** Our scope of review of a Board parole revocation order is limited to determining whether necessary findings are supported by substantial evidence, an error of law was committed or whether the parolee's constitutional rights were violated. *Pitch v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 114, 514 A.2d 638 (1986).

**3.** The relevant portion of the Compact provides that:

The contracting states solemnly agree:

(3) ... For that purpose, no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. *All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived* on the part of states party hereto as to such persons. *The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state ....*

(Emphasis added.)

In this case, the Maryland District Court acted in contravention of the interstate compact by scheduling an extradition hearing and thereafter releasing Wolfe because the parole agent did not appear at the hearing. Given the minimal requirements of the interstate compact, we hold that the Maryland Court's entry of a nolle pross order was insufficient to divest the Board of jurisdiction. The Board made substantial and continuous efforts to retake Wolfe upon learning of his Maryland convictions. Although the issue of whether laches is available as a defense in an administrative proceeding is subject to some debate, *Beaver Cemetery v. Pennsylvania Human Relations Commission*, 107 Pa.Commonwealth Ct. 190, 528 A.2d 282 (1987), it clearly does not apply where the delay in recommitting a parolee is not fairly attributable to an administrative agency such as the Board. *Id.*

Affirmed.

## ORDER

The Pennsylvania Board of Probation and Parole decision, No. 2475–K, dated August 25, 1988, is affirmed.