James Edward BOLDEN, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 2002.

Decided March 18, 2002.

---

David Crowley, Bellefonte, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before LEADBETTER, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

James Edward Bolden (Petitioner) petitions us to review the denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board) and to set aside the Board's order revoking his parole and recommitting him to state prison as a technical parole violator to serve 12 months backtime. We affirm.

In 1996, Petitioner was convicted of aggravated assault and received a sentence of four to eight years. Petitioner was paroled on July 22, 1999. As a general condition of his parole (condition # 5A), he was required to abstain from the use of controlled substances. Certified Record (C.R.) at 7. As a special condition of his parole, Petitioner was required to submit to random urinalysis testing. C.R. at 3. On January 19, 2001, the Board issued a Warrant to Commit and Detain Petitioner based upon two alleged violations of condition # 5A.[1]

At the revocation hearing before a Board panel, the evidence of drug use consisted of the testimony of Petitioner's parole agent and the documented laboratory reports. The parole agent testified that on January 4, 2001, Petitioner was ordered to submit a urine sample to be tested for controlled substances. The sample was sent to Scientific Testing Laboratories, Inc. for testing. A laboratory report was generated indicating that the urine specimen tested positive for cocaine. Petitioner's parole agent further testified that Petitioner was ordered to submit another urine specimen on January 19, 2001, which also tested positive for cocaine. The parole agent then introduced a photocopy of the minutes of an August 19, 1996 Board meeting. Exhibit S 1; C.R. at 44. The minutes of this meeting indicated that the Board had certified Scientific Testing Laboratories, Inc. to perform drug analyses of urine samples taken from persons under the Board's supervision. C.R. at 44, 67.

---

1. Petitioner was charged with three counts. At the parole revocation hearing, no documenting lab report was introduced to support count one. Accordingly, the Board dismissed count one based on insufficient evidence. C.R. at 42–43.

Counsel for Petitioner raised hearsay objections to the admission of the lab reports, which the panel overruled. The Board's response to counsel's objections was, "we will overrule [the objections], finding good cause to do so and we note that the lab report as submitted has the letterhead of Scientific Testing Laboratories, Inc., as well as the signature of the certifying scientist." C.R. at 45. The documented laboratory reports of Petitioner's urine samples were admitted into evidence. C.R. at 45, 47.

■ By decision dated March 22, 2001, the Board ordered Petitioner recommitted as a technical parole violator to serve 12 months backtime for two violations of condition 5A. Following Petitioner's *pro se* administrative appeal, relief on the merits was denied on August 27, 2001. Petitioner's appeal to this Court followed.[2] Petitioner's sole issue on appeal is whether the Board based its decision on inadmissible hearsay and therefore lacked substantial evidence to support its decision.

■ Board hearing regulations provide "... documentary evidence and reports, including ... laboratory reports ... may be utilized solely, if the panel or examiner is satisfied as to their authenticity, relevancy, accuracy and reliability." 37 Pa. Code § 71.5(b). While laboratory reports are hearsay evidence, they may be admitted in revocation hearings when there is no objection by the offender, or over the offender's objection, if they are qualified as either a business record or upon a specific finding of "good cause." *Powell v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth. 7, 513 A.2d 1139 (1986). Under the "good cause" exception to the hearsay rule, the report must contain the

necessary indicia of reliability and regularity; that is, the report must be printed on official laboratory letterhead, and must contain the signature of a known and responsible member of its staff or some other mark of reliability. *Id.*

Petitioner asserts that the laboratory reports were improperly admitted because the reports were not printed on appropriate letterhead and were not signed by a known and responsible laboratory official. Petitioner maintains that the laboratory reports, printed on Scientific Testing Laboratories, Inc.'s letterhead, could be the product of a home computer. He further asserts, without citing any case support, that Jennifer R. Robinson, a certifying scientist, does not qualify as a "known and responsible laboratory official." We disagree.

Our recent decision of *Price v. Pennsylvania Board of Probation and Parole*, 781 A.2d 212 (Pa.Cmwlth.2001) is factually similar. In *Price*, a parolee argued that the Board erred in admitting a laboratory report printed on Scientific Testing Laboratories, Inc.'s letterhead because it looked like a home computer printout. The parolee also argued that the report contained no signature or other mark of reliability, only a typewritten reference to "certifying scientist Jennifer R. Robinson." Affirming the Board's decision, the *Price* Court rejected these arguments and held that the report contained the necessary indicia of reliability.

In *Price*, we permitted a *typewritten reference* by the same certifying scientist to satisfy the good cause exception to the hearsay rule that, "the report contain the signature of a known and responsible

2. On review, we are limited to determining whether necessary findings were supported by substantial evidence, an error of law was committed, or a constitutional right of parol-ee was violated. *McPherson v. Pennsylvania Board of Probation and Parole*, 785 A.2d 1079 (Pa.Cmwlth.2001).

member of its staff or some other mark of reliability." *Powell*, 513 A.2d at 1144. Here, the report does contain the signature of the certifying scientist, not merely a typewritten reference to her. Thus, it possesses better indicia of reliability than the report admitted by the Board in *Price*. Because the Board properly admitted the laboratory reports, there was substantial evidence to find that Petitioner violated his conditions of parole.

Accordingly, we affirm the Board's order recommitting Petitioner as a technical parole violator.

### ORDER

AND NOW, this 18th day of March, 2002, the order of the Pennsylvania Board of Probation and Parole is affirmed.