Raymond ADAMS, Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 29, 2005.

Decided Nov. 1, 2005.

David Crowley, Bellefonte, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Raymond Adams petitions for review from the denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board) that recommitted him to state prison as a convicted parole violator to serve the remainder of his unexpired term. In addition, Adams' appointed appeal counsel, David Crowley, Esquire (Counsel) of the Centre County Public Defender's Office, petitions for leave to withdraw his appearance. We affirm the Board's order and grant Counsel's application for leave to withdraw.

Adams originally received a sentence of two-and-a-half to five years imprisonment for burglary. On November 27, 2000, the Board paroled Adams to a rehabilitation and diagnostic center with a maximum sentence date of May 23, 2003.

On February 8, 2003, Adams was involved in a domestic disturbance. Although the police were involved, Adams was neither arrested nor charged with a parole violation by his parole officer. Following this incident, Adams successfully completed his parole.

Nearly three months after his maximum sentence date expired, however, the Philadelphia Police Department arrested Adams as a result of the February 8, 2003 incident. Following his arrest, the Philadelphia Police Department charged Adams with multiple criminal offenses.

Adams subsequently pled guilty to several of the charges, and, in return, received a 23–month prison sentence with immediate parole to in-home detention and subsequent probation. After receiving verification of Adams' convictions, the Board arrested Adams for multiple parole violations and conducted a parole revocation hearing at which Adams was represented by Hindi S. Kranzel, Esquire (revocation hearing counsel). Following the hearing, the Board ordered Adams recommitted to serve the remainder of his original sentence—two years, five months, and twenty-six days—as a convicted parole violator. The Board also recalculated Adams' maximum sentence date to October 22, 2006.

Thereafter, Adams filed a request for administrative relief, which the Board denied. Adams appealed to this Court,[1] and Counsel filed an application to withdraw.

---

1. Our review is limited to determining whether necessary findings were supported by substantial evidence, an error of law was committed, or a constitutional right was violated.

*Bolden v. Pennsylvania Bd. of Prob. & Parole,* 794 A.2d 440 (Pa.Cmwlth.2002).

Additionally, Adams filed a document entitled "petitioner seeks permission to supplement the following to clarify the correction of

In his petition for review, Adams argues the Board lacked jurisdiction to revoke his parole because his convictions occurred after the expiration of his maximum sentence date. In addition, he asserts revocation hearing counsel was ineffective because she failed to object to the Board's alleged lack of jurisdiction. Counsel asserts these arguments are wholly frivolous, and, therefore, he should be permitted to withdraw.

■■■ Before reviewing the merits of Adams' appeal, we must decide whether Counsel should be permitted to withdraw. We have held an indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute a frivolous appeal. *Presley v. Pennsylvania Bd. of Prob. & Parole*, 737 A.2d 858 (Pa.Cmwlth.1999). Consequently, court appointed counsel may seek to withdraw if counsel concludes, after a thorough review of the record, the appeal is wholly frivolous. *Id.* An appeal is "wholly frivolous" when it completely lacks factual or legal reasons that might arguably support the appeal. *Id.*

■■ First, we examine whether Counsel satisfied the technical requirements set forth in *Craig v. Pennsylvania Bd. of Prob. & Parole*, 93 Pa.Cmwlth. 586, 502 A.2d 758 (1985). Pursuant to *Craig*, Counsel must notify the parolee of his request to withdraw, furnish the parolee a copy of an *Anders*[2] brief or a *Turner*[3] "no-merit" letter and advise the parolee of his right to retain new counsel or raise any points he

may deem worthy of consideration. If counsel provides an *Anders* brief to his client, the brief must contain, at a minimum, the list of issues raised by the parolee and an explanation of why those issues are without merit.

Here, Counsel notified Adams of his request to withdraw and advised Adams of his right to file a brief on his own behalf or retain new counsel. Further, Counsel served Adams with a copy of his petition to withdraw and a copy of his *Anders* brief. Accordingly, Counsel complied with the technical requirements set forth in *Craig*.

In his *Anders* brief, Counsel provided a thorough discussion examining both of the issues raised by Adams in his petition for review. A review of Counsel's brief convinces us he engaged in a careful review of the record and relevant authority.

Counsel first addressed Adams' contention that the Board lacked jurisdiction to revoke his parole after the expiration of his maximum sentence date. Citing *Williams v. Pennsylvania Bd. of Prob. & Parole*, 654 A.2d 235 (Pa.Cmwlth.1995), Counsel explained the Board retains jurisdiction to recommit a parolee who commits a crime while on parole but is not convicted until after his maximum sentence date expires. In addition, citing *Choice v. Pennsylvania Bd. of Prob. & Parole*, 24 Pa.Cmwlth. 438, 357 A.2d 242 (1976), Counsel explained that because the criminal charges were filed after the expiration of his maximum sentence date, the Board

sentencing order by the lower court-for review." We treat this submission as a reply brief pursuant to Pa.R.A.P. 2113.

Also, Adams made a subsequent submission entitled "petitioner's petition to supplement petitioner's brief in support of petition for review," in which he seeks to add reference to two recent cases, *Com. v. West*, 868 A.2d 1267 (Pa.Super.2005) and *Com. v. Johnson*, 852 A.2d 315 (Pa.Super.2004). Because the sub-

mission is not authorized by the rules and because the cases do not deal with parole issues, we decline further consideration of the submission.

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

lacked authority to detain Adams until he was actually convicted of the charges. We now examine the merits of this issue.

 The Parole Act (Act)[4] provides the Board with statutory authority to revoke parole even after the expiration of a maximum sentence date. Under Section 21.1a of the Act,[5] 61 P.S. § 331.21a, the Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after the expiration of an original maximum sentence. *Wolfe v. Pennsylvania Bd. of Prob. & Parole*, 126 Pa.Cmwlth. 48, 558 A.2d 600 (1989). There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence expired. *Holland v. Pennsylvania Bd. of Prob. & Parole*, 163 Pa.Cmwlth. 258, 640 A.2d 1386 (1994).

Here, it is undisputed Adams was on parole on the date of the incident, and his maximum sentence date was May 23, 2003. It is irrelevant that he was not convicted of the charges until December 2003. Because the act constituting a violation occurred before the expiration of his maximum sentence date, the Board retains jurisdiction to revoke Adams' parole. Thus, we agree with Counsel's assessment that this argument is frivolous.[6]

Next, Counsel addressed Adams' contention that revocation hearing counsel was ineffective because she failed to object to the Board's alleged lack of jurisdiction to revoke his parole after his maximum sentence date expired. Relying on *LaCourt v. Pennsylvania Bd. of Prob. & Parole*, 87 Pa.Cmwlth. 384, 488 A.2d 70 (1985), Counsel correctly set forth the test for an ineffective assistance of counsel claim in the parole revocation setting. Pursuant to *LaCourt*, a parolee must

---

**4.** Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.1–331.34a.

**5.** Section 21.1a of the Parole Act was added by Section 5 of the Act of August 24, 1951, P.L. 1401.

**6.** We decline to adopt the dissent's view that the Board's jurisdiction depends on arrest during parole, for several reasons. First and foremost, the dissent's view ignores the express language of Section 21.1 of the Act, 61 P.S. § 331.21a, which empowers the Board to act when any parolee under its jurisdiction *"during the period of parole ... commits any crime· punishable by imprisonment, from which he is convicted* or found guilty ...." (emphasis added). The statutory provision thus references commission of a crime during the period of parole, and it does not mention the date of arrest.

Further, none of the cases cited in the dissenting opinion holds that the Board's jurisdiction is dependent upon arrest during parole. Indeed, the cases do not attribute any jurisdictional importance to the date of arrest, except to the extent it establishes the date a crime was committed. To the contrary, the

cases actually state: "the Board retains jurisdiction to recommit a parolee convicted of a *crime committed while on parole* even after his original maximum sentence has expired." *Wolfe*, 558 A.2d at 601 (emphasis added); *accord, Holland v. Pennsylvania Bd. of Prob. & Parole*, 163 Pa.Cmwlth. 258, 640 A.2d 1386, 1387 (1994); *Kuykendall v. Pennsylvania Bd. of Prob. & Parole*, 26 Pa.Cmwlth. 234, 363 A.2d 866, 868 (1976); *Choice v. Pennsylvania Bd. of Prob. & Parole*, 24 Pa.Cmwlth. 438, 357 A.2d 242, 243 (1976). Many more cases not cited in the dissent contain the same language. This is not surprising, as the quoted language accurately follows the language of the statute.

Finally, the dissent fails to fully address *Carr v. Pennsylvania Bd. of Prob. & Parole*, 90 Pa.Cmwlth. 312, 494 A.2d 1174 (1985), where parole expired on July 10, but the arrest for earlier drug sales did not occur until July 14. Thereafter, the Board declared him delinquent retroactive to a date during parole. The Board's jurisdiction was confirmed despite the fact that arrest and delinquency declaration occurred after expiration of the maximum term. *Id.* at 1176, n. 4. This case is contrary to the dissent's position.

prove: (1) his counsel made errors so serious he was not acting as "counsel" guaranteed by law; and (2) his counsel's deficient performance was so serious there is a reasonable probability that, but for counsel's errors, the result of the revocation proceeding would have been different. Counsel explained because the Board retained jurisdiction to revoke Adams' parole, no basis existed for the objection, and the objection would not have produced a different result.

■ We now address the merits of the issue. Where, as here, counsel's alleged error consists of failing to raise an objection in a parole revocation hearing, we must first ascertain whether there existed reasonable grounds for the objection, and if there was arguable merit to the omitted objection, we must ascertain whether counsel possessed a reasonable basis for failing to object. *Vereen v. Pennsylvania Bd. of Prob. & Parole*, 101 Pa.Cmwlth. 63, 515 A.2d 637 (1986).

Here, because the Board clearly possessed jurisdiction to revoke Adams' parole, revocation hearing counsel lacked a reasonable basis to raise the objection. *Vereen.* Moreover, as the objection to the Board's jurisdiction lacks merit, Adams cannot satisfy his burden of proving the objection would have changed the outcome of the parole revocation hearing. As such, we agree with Counsel's conclusion that this issue is also frivolous.

Counsel's brief complies with *Anders*, and our independent review of the issues demonstrates Adams failed to allege any meritorious point to arguably support his appeal. We therefore conclude his appeal is wholly frivolous.[7]

Accordingly, we affirm the order of the Board and grant Counsel's application for leave to withdraw.

### ORDER

AND NOW, this 1st day of November, 2005, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED, and Counsel's application for leave to withdraw is GRANTED.

DISSENTING OPINION BY Judge SMITH–RIBNER.

Upon further review of appointed counsel's analysis of the issues in this case, I must dissent from the Majority's decision to affirm the order of the Board of Probation and Parole and to grant the petition for leave to withdraw filed by Attorney Crowley of the Centre County Public Defender's Office. One of the issues raised by Raymond Adams is that appointed counsel was ineffective by virtue of his failure to object to the lack of Board jurisdiction to revoke Adams' parole after the expiration of his maximum sentence date.

In responding to Adams' claim that the Board lacked jurisdiction, counsel contended that although the criminal charges against Adams were initiated by his arrest after the expiration of his maximum sentence date the Board did have jurisdiction to revoke parole after Adams was convicted of the charges. Counsel relied on

---

7. In his brief to this Court, Adams also argues he is entitled to credit for the time he resided at the rehabilitation and diagnostic center pursuant to *Cox v. Pennsylvania Bd. of Prob. & Parole*, 507 Pa. 614, 493 A.2d 680 (1985). Adams, however, failed to set forth a claim for credit in his request for administrative relief. Indeed, Adams' petition failed to mention the rehabilitation and diagnostic center or the period in which he alleges confinement at the center. As Adams failed to properly raise a *Cox* claim in his administrative appeal to the Board, it is waived. *See White v. Pennsylvania Bd. of Prob. & Parole*, 833 A.2d 819 (Pa. Cmwlth.2003); *McCaskill v. Pennsylvania Bd. of Prob. & Parole*, 158 Pa.Cmwlth. 450, 631 A.2d 1092 (1993).

*Choice v. Pennsylvania Board of Probation and Parole,* 24 Pa.Cmwlth. 438, 357 A.2d 242 (1976), for this proposition. Nowhere in *Choice,* nor in any other case cited by counsel or the Majority, does it state that the Board possesses jurisdiction to convene a parole revocation hearing where the petitioner is arrested after the expiration of his maximum sentence date and later convicted of offenses occurring prior to the expiration date.

In *Choice* the petitioner's arrest on new charges was made *prior* to his maximum expiration date although the conviction occurred after the expiration date. I agree with the Court's holding that in such instance the Board had authority to detain petitioner upon conviction. However, those were not the facts here. Because the arrest occurred *after* Adams' maximum expiration date, the Board lacked jurisdiction upon Adams' conviction to commence the parole revocation proceedings as he was no longer on parole.[1] *See, e.g., Wolfe v. Pennsylvania Board of Probation and Parole,* 126 Pa.Cmwlth. 48, 558 A.2d 600 (1989) (holding that Board not divested of jurisdiction to recommit for failure to pursue its warrant prior to parolee's maximum expiration date where parolee *arrested prior to maximum date* while under Maryland supervision pursuant to interstate compact). *Also see Williams v. Pennsylvania Board of Probation and Parole,* 654 A.2d 235 (Pa.Cmwlth.1995) (holding that Board not required to initiate violation proceedings prior to maximum expiration date to obtain jurisdiction to recommit where parolee *arrested prior to maximum date* ); *Holland v. Pennsylvania Board of Probation and Parole,* 163 Pa.Cmwlth. 258, 640 A.2d 1386 (1994) (holding that Board had jurisdiction to recommit parolee convicted after maximum expiration date where parolee *arrested prior to maximum date* ); *Greco v. Pennsylvania Board of Probation and Parole,* 99 Pa.Cmwlth. 107, 513 A.2d 493 (1986) (rejecting parolee argument that Board lacked jurisdiction to recommit parolee where new charges against parolee dismissed after preliminary hearing but parolee was *arrested prior to completion of maximum expiration sentence* ); and *Mitchell v. Board of Probation and Parole,* 18 Pa.Cmwlth. 69, 335 A.2d 856 (1975) (holding that Board had authority to recommit parolee who pleaded guilty after maximum expiration date but *arrested prior to maximum date* ).[2]

The Board's order should be reversed, and furthermore counsel's failure to ade-

---

**1.** *See Martin v. Pennsylvania Board of Probation and Parole,* 576 Pa. 588, 840 A.2d 299 (2003) (reiterating that offenders released on parole remain in legal custody and under control of Commonwealth until expiration of maximum sentence, and when arrested while on parole an automatic Board detainer is applied and also when arrested on parole Board may place detainer that prevents bail pending disposition of new charges or other court action).

**2.** *Cf. Kuykendall v. Pennsylvania Board of Probation and Parole,* 26 Pa.Cmwlth. 234, 363 A.2d 866 (1976) (holding that Board does not lose authority to recommit parolee arrested after maximum expiration date where parolee declared delinquent prior to maximum date and not located until arrest on new charges after maximum date; parole act does not allow delinquent parolee to profit from absconding while on parole). *Also see Stepoli v. Pennsylvania Board of Probation and Parole,* 106 Pa.Cmwlth. 197, 525 A.2d 888 (1987) (holding that Board had authority to recommit parolee who absconded from parole supervision and declared delinquent prior to maximum expiration date but arrested after maximum date); *Carr v. Pennsylvania Board of Probation and Parole,* 90 Pa.Cmwlth. 312, 494 A.2d 1174 (1985) (holding based on the issue presented that revocation hearing timely held in case where the facts showed that parolee arrested after maximum expiration date but declared delinquent prior to maximum date).

quately represent Adams should not be sanctioned by granting the petition to withdraw.