# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Garcia, : 
             Petitioner : 
 : No. 1152 C.D. 2014
        v. :
 : Argued: October 7, 2015
Pennsylvania Board of Probation :
and Parole, :
             Respondent :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
                 HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge[2]
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: January 8, 2016


       Jose Garcia (Garcia) petitions for review of the June 20, 2014 order of the Pennsylvania Board of Probation and Parole (Board), affirming its January 21, 2014 decision to recommit Garcia as a convicted parole violator (CPV) for the remaining term of his unexpired sentence without awarding him credit for the time he

---

[1] This case was assigned to the opinion writer before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

spent at liberty on parole.[3] After considering the parties' briefs, the record, and our decision in *Pittman v. Board of Probation and Parole*, __ A.3d __ (Pa. Cmwlth., No. 978 C.D. 2014, filed January 8, 2016) (*en banc*), we affirm.

On February 4, 1997, Garcia was sentenced to ten to twenty years' imprisonment following his guilty plea to attempted murder and aggravated assault. Garcia's minimum sentence date was October 3, 2006, and his maximum sentence date was October 3, 2016. (Certified Record (C.R.) at 1-3.)

On September 10, 2007, the Board granted Garcia parole and he was released on April 1, 2008. Prior to his release, Garcia signed conditions governing his parole advising that, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 10.)

On June 11, 2013, the police arrested Garcia and charged him with criminal offenses. The Board lodged a warrant and detainer on that same day. On October 25, 2013, Garcia entered a negotiated guilty plea to driving under the influence (DUI) and criminal mischief, and the trial court sentenced him to seventy-two hours to six months' imprisonment along with a consecutive term of nine months' probation. (C.R. at 21, 36-37.) Thereafter, Garcia signed a waiver form prepared by the Board, waiving his right to a parole revocation hearing and his right to counsel and admitting that he violated his parole by committing DUI and criminal mischief. ("Waiver of Revocation Hearing and Counsel/Admission Form," C.R. at 26.)

---

[3] By *per curiam* order dated July 16, 2014, this Court appointed counsel to represent Garcia in this appeal.

2

In a hearing report dated December 27, 2013, the Board accepted Garcia's waivers and admission to being a CPV. On page 3 of the hearing report appeared the line: "**BOARD ONLY** – Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offenses on pg. 8)." In turn, page 8 of the hearing report lists offenses that are automatically excluded from street time credit pursuant to section 9714(g) of the Judicial Code, 42 Pa.C.S. §9714(g), and DUI and criminal mischief are not enumerated as one of those offenses. The Board checked "No" and denied Garcia credit. (C.R. at 29; Supplemental Record (S.R.) at 1a.)

By decision recorded on February 13, 2014, the Board recommitted Garcia as a CPV and recalculated his maximum sentence date to September 12, 2014, which constituted the entire balance remaining on his original sentence. (C.R. at 51.)

On March 13, 2014, Garcia submitted a request for administrative relief, arguing, among other things, that the Board improperly extended his maximum sentence date. On June 20, 2014, the Board denied Garcia's request for administrative relief. In doing so, the Board cited section 6138(a)(2) of the Prison and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2), and determined that as a CPV, Garcia was not entitled to credit for time he spent at liberty on parole. (C.R. at 53-54, 59.)

On appeal to this Court,[4] Garcia does not dispute that the Board can deny him credit for time spent at liberty on parole under section 6138(a)(2) of the Parole Code. Instead, Garcia argues that the Board overlooked section 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. §6138(a)(2.1), added by the Act of July 5, 2012, P.L. 1050

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

(Act 122), which grants the Board discretion to determine whether to award a CPV credit for time spent on parole. Garcia contends that the Board failed to exercise its discretion under section 6138(a)(2.1) of the Parole Code and that its failure to exercise discretion, in and of itself, constitutes an abuse of discretion.

In addition, Garcia argues that the Board erred in failing to state its reasons for denying him credit.

Section 6138(a) of the Parole Code in pertinent part states:

§6138. Violation of terms of parole.

(a) Convicted violators.

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as provided **under paragraph (2.1), shall be given no credit for the time at liberty on parole**.

(2.1) **The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under

4

> 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. §6138(a)-(2.1)(i) (emphasis added).

In the companion case, *Pittman*, this Court addressed identical facts and rejected the same arguments that Garcia now advances.[5] In *Pittman*, we concluded that the Board exercised discretion when it denied Pittman credit for time spent at liberty on parole by checking "no" on the hearing report. We further concluded that section 6138 of the Parole Code does not require the Board to state its reasons for denying credit. *Id.*, slip op. at 6-20. We incorporate that opinion by reference and reach the same conclusions in this case.

Because our decision in *Pittman* is indistinguishable from the present scenario, *Pittman* mandates that we affirm the Board's order.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] On October 7, 2015, Garcia's case and *Pittman* were both argued before the Court *en banc*. The attorney representing Garcia also represented Pittman, and the arguments contained in the appellate briefs are virtually identical.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Garcia,                                          :
              Petitioner                     :
                               :    No.  1152 C.D. 2014
           v.                                       :
                               :
Pennsylvania Board of Probation          :
and Parole,                                          :
              Respondent                   :

## *ORDER*

       AND NOW, this 8th day of January, 2016, the June 20, 2014 order of the Pennsylvania Board of Probation and Parole is affirmed.

 

                                _____
                                PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Garcia,                          :
                    Petitioner        :
                                      :
          v.                          : No. 1152 C.D. 2014
                                      : Argued:  October 7, 2015
Pennsylvania Board of Probation       :
and Parole,                           :
                    Respondent        :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


DISSENTING OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: January 8, 2016


          For the reasons set forth in my dissenting opinion in *Kevin Pittman v.*
*Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 978 C.D 2014, filed
January 8, 2016), I respectfully dissent.


                              _____
                              DAN PELLEGRINI, President Judge


Judge Leavitt joins in this dissenting opinion.