# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Elisha, :
          Petitioner :
           :
          v. : No. 553 C.D. 2015
           : Submitted: April 1, 2016
Pennsylvania Board of Probation :
and Parole, :
          Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED:  June 29, 2016**

Brian Elisha (Parolee) petitions this Court for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order that recommitted him as a convicted parole violator and recalculated his maximum sentence date to March 21, 2018. Finding no error, we affirm.

In 2006, Parolee pled guilty to, and received concurrent three year to six year sentences for, Robbery and Criminal Conspiracy; the original maximum date for these sentences was August 20, 2011. (Certified Record (R.) at 1, Sentence Status Summary.) On January 2, 2008, Parolee was released on parole and, prior to his release, he acknowledged with his signature the conditions governing his parole. (R. at 4, Administrative Action; R. at 5-6, Conditions

Governing Parole.)  The conditions of parole specifically advised Parolee, *inter alia*, that:

> If you violate a condition of your parole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole, you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled, with no credit for time at liberty on parole.

(R. at 6, Conditions Governing Parole.)  At the time of his release, Parolee had 3 years, 7 months, and 18 days remaining on his original sentence. (R. at 97, Notice of Board Decision.)

On March 24, 2010, Parolee was arrested by the Philadelphia Police Department and charged with Recklessly Endangering Another Person, Simple Assault, Terroristic Threats, Theft by Unlawful Taking or Disposition, and Robbery, for acts committed on October 22, 2009 at a Wawa convenience store. (R. at 24, Criminal Arrest and Disposition Report.)  Parolee was detained on those charges in Philadelphia County and the Board lodged its detainer against him on March 26, 2010. (R. at 9, Warrant to Commit and Detain.)  Parolee was returned to a State Correctional Institution (SCI) on August 31, 2010; on August 22, 2011, the Board lifted its detainer, causing Parolee to be released from the SCI due to the expiration of his original maximum date. (R. at 22, PA Department of Corrections Move Report.)

On April 7, 2014, the Court of Common Pleas of Philadelphia County found Parolee guilty of Robbery-Threat of Immediate Serious Injury, Possession of Firearm Prohibited, Firearm Not To Be Carried Without a License,

and Possession of Instrument of Crime. (R. at 30, Criminal Docket.) The Board re-lodged its detainer against Parolee on April 17, 2014, and on June 6, 2014, he was sentenced to serve a new five-to-ten year term of imprisonment in an SCI. (R. at 23, Warrant to Commit and Detain; R. at 30, Criminal Docket.)

On May 16, 2014, Parolee waived his right to a revocation hearing and admitted to violating his parole via the new conviction, and on August 3, 2014, the Board voted to revoke his parole and to deny him credit for time at liberty on parole. (R. at 83-84, Waiver of Revocation Hearing and Counsel/Admission Form; R. at 85-92, Hearing Report.) By decision mailed November 7, 2014, the Board recommitted Parolee as a convicted parole violator to serve his unexpired term of 3 years, 7 months, and 18 days, and recalculated his maximum date from August 20, 2011 to March 21, 2018. (R. at 97, Notice of Board Decision.) The March 21, 2018 maximum date calculation reflects that Parolee had 1,326 days remaining on his maximum date at the time of parole, as the total amount of time he had remaining on his sentence from the January 2, 2008 parole date to the original August 20, 2011 maximum date, with no credit granted for time at liberty on parole; the calculation further reflects the fact that Parolee became available to serve his original sentence again on August 3, 2014. (R. at 95, Order to Recommit.) On November 21, 2014, Parolee filed an administrative appeal from this decision objecting to the Board's recalculation authority, which the Board denied by letter mailed on March 11, 2015. (R. at 99-104, Request for Administrative Review; R. at 105-106, Board Response.) In its letter the Board further explained:

> [T]he Board did not give you any credit for the period you were incarcerated from March 26, 2010 to August 20, 2011 because you were being held on both the Board detainer and the new criminal charges during that period.

*Gaito v. Board of Probation and Parole,* 412 A.2d 568 (Pa. 1980). Additionally, the Board did not give you credit for the period you were incarcerated from August 20, 2011 to June 6, 2014, because you were being held on the new criminal charges and had not posted bail. Furthermore, the Board did not give you credit on your original sentence for the period you were incarcerated from June 6, 2014 to August 3, 2014 because the Board had not yet recommitted you as a convicted parole violator. The credit for this time frame will be calculated and credited by the Department of Corrections toward your new sentence. This means you had 1326 days remaining on your sentence.

(R. at 105, Board Response.) Parolee thereafter timely filed this petition for review of the Board's decision.

On appeal,[1] Parolee essentially asserts that the Board lacked the authority to recommit him as a convicted parole violator and that the recalculation of his maximum sentence date constituted an illegal extension of his original judicially imposed sentence, because the maximum term on his original sentence had expired. Parolee argues further that the Board failed to exercise adequate discretion in denying him credit for time at liberty on parole. None of these arguments is meritorious.

First, the Pennsylvania Supreme Court has made clear that the Board's authority to recalculate the sentence of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 428, 437 (Pa. 1979). Furthermore, it is well settled that the Board has jurisdiction to recommit a parolee, after his

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. § 704; *Adams v. Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

4

maximum sentence date, for crimes committed while he was still on parole, even if he was not charged with and convicted of those crimes until after his maximum sentence expired. 61 Pa. C.S. § 6138(a)(1); *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73-74 (Pa. Cmwlth. 2013); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 34 (Pa. Cmwlth. 2006)*; Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005). Section 6138(a)(1) of the Prisons and Parole Code (Code) permits the Board to recommit as a convicted parole violator any parolee

> who, **during the period of parole** or while delinquent on parole, **commits a crime punishable by imprisonment**, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record ....

61 Pa. C.S. § 6138(a)(1) (emphasis added). The critical issue is thus not when the parolee was charged with the crime or convicted of a crime, or when parole was revoked and the parolee was recommitted, but whether he committed the crime for which he was ultimately convicted before his parole ended. *Adams*, 885 A.2d at 1124 & n.6 (interpreting substantially identical language in prior statute, Section 21.1 of Parole Act, Act of August 6, 1941, P.L. 861, added by Act of August 24, 1951, P.L. 1401, *formerly*, 61 P.S. § 331.21a, repealed by Act of August 11, 2009, P.L. 147).

Here, Parolee was in fact arrested and detained on new criminal charges on March 24, 2010, approximately five months prior to the August 20, 2011 expiration of his original maximum date. Because the crimes for which Parolee was convicted were committed before the expiration of his maximum sentence date, the fact that the Board determined to recommit him when it did is irrelevant, and the Board did not err in recommitting Parolee as a convicted parole

5

violator. *Miskovitch*, 77 A.3d at 73-74 (upholding recommitment where crime was committed before maximum sentence date even though parolee did not plead guilty to crime until more than a year and one half after original sentence expired); *Reavis*, 909 A.2d at 31-32, 34 (upholding recommitment following 2003 guilty plea, even though maximum sentence date expired in 1993, because crime to which parolee pleaded guilty was committed in 1990); *Adams*, 885 A.2d at 1122, 1124 & n.6 (upholding recommitment because crime was committed before expiration of maximum sentence date, notwithstanding fact that parolee was charged with the crime nearly three months after maximum sentence date expired).

Parolee's remaining argument, that the Board failed to exercise adequate discretion in denying him credit for time spent at liberty on parole, is also without merit. Section 6138(a) of the Code further provides, in pertinent part:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, **unless any of the following apply**:

> (i) The crime committed during the period of parole or while delinquent on parole is a **crime of violence as defined in 42 Pa. C.S. § 9714(g)** (relating to sentences for second and subsequent offenses)…

61 Pa. C.S. § 6138(a)(2)-(2.1) (emphasis added).

Here, Parolee was recommitted as a convicted parole violator for, *inter alia*, his conviction for Robbery-Threat of Immediate Serious Injury, an

6

offense listed as a crime of violence at 42 Pa. C.S. § 9714(g) (listing "robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii) or (iii)" as a crime of violence). 18 Pa. C.S. § 3701(a)(1)(i). The Board was therefore statutorily prohibited from granting Parolee credit for time at liberty on parole. Its decision to deny him credit for time at liberty was therefore proper.

For the foregoing reasons, we affirm the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Elisha, :
              Petitioner :
 :
        v. : No. 553 C.D. 2015
 :
Pennsylvania Board of Probation :
and Parole, :
              Respondent :

# **O R D E R**

AND NOW, this 29th day of June, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**