# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oarmell Burrell,                              :
               Petitioner            :
                                    :
               v.                              :     No. 669 C.D. 2020
                                      :     SUBMITTED:  April 1, 2021
Pennsylvania Parole Board,                    :
               Respondent            :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                   **FILED:  June 25, 2021**

Petitioner, Oarmell Burrell, petitions for review of an order of the Pennsylvania Parole Board, which denied his administrative appeal of the Board's decision that recommitted him to a state correctional institution as a convicted parole violator and declined to award him credit for the time he spent at liberty on parole because he absconded while on supervision.  Petitioner contends that the Board erred by recommitting him as a convicted parole violator for convictions that occurred after his original maximum sentence date expired, and by revoking the street time credit that was previously granted to him as a technical parole violator.  For the following reasons, we affirm.

On May 16, 2006, Petitioner pleaded guilty to possession with intent to manufacture, sell, or deliver a controlled substance, and was sentenced in the United States District Court for the Western District of Pennsylvania to 10 years in a federal correctional institution.  (Certified Record "C.R." at 1, 96.)  His maximum sentence

date was February 25, 2015. (*Id.* at 2.)[1]  Further, on August 8, 2006, Petitioner pleaded guilty to possession with intent to manufacture, sell, or deliver a controlled substance and was sentenced by the Court of Common Pleas of Erie County to 5 to 10 years in a state correctional institution. (*Id.* at 1.)  His maximum sentence date was January 11, 2016. (*Id.* at 2.)  Additionally, Petitioner had an outstanding detainer warrant in Ohio. (*Id.* at 3.)[2]

On August 14, 2013, Petitioner was released on parole by the Board, subject to his Ohio state detainer and federal detainer sentence. (C.R. at 7.) Petitioner was transported to Ohio and served a sentence in the Northeast Ohio Correctional Center.[3] (*Id.* at 49.)  Upon completion of his Ohio sentence, he was released to concurrent federal and Pennsylvania supervision, with his Pennsylvania parole transferred to Ohio on December 5, 2014. (*Id.*)

On October 26, 2015, Petitioner was arrested in Pennsylvania by the Erie Police Department for criminal conspiracy/possession with intent to deliver controlled substances, possession with intent to sell, manufacture, or deliver controlled substances, and possession of drug paraphernalia. (C.R. at 11-12.)  Bail was set at $50,000 on October 27, 2015, and Petitioner posted bond on the charges the next day and was released. (*Id.* at 68.)  Pennsylvania interstate parole staff then learned of the new criminal charges, and that Petitioner had returned to Pennsylvania without permission from his Ohio parole officer. (*Id.* at 49.)  The Board declared Petitioner delinquent effective October 30, 2015, and issued a detainer warrant on

---

[1] In 2009, the federal court ordered Petitioner's sentence to run concurrent with his state sentence. (C.R. at 3.)

[2] His Ohio charges are listed as failure to appear for arraignment, contempt of court, and lack of an operator's license. (C.R. at 3.)

[3] The details of his conviction are not contained in the record.

March 1, 2016. (*Id.* at 15-16.) On March 9, 2016, Petitioner was apprehended by United States Marshals in Ohio, and he was later extradited to a federal correctional institution in Pennsylvania. (*Id.* at 49.)

On August 3, 2016, Petitioner received notification that the Board was charging him with a technical parole violation for changing his approved residence without permission. (C.R. at 21.) He waived his right to counsel and violation and detention hearings, and admitted to the technical violation. (*Id.* at 23-24.) By decision mailed on December 28, 2016, the Board recommitted him as a technical parole violator to serve his unexpired term of 2 months, 12 days. (*Id.* at 35.) The Board extended Petitioner's maximum date from January 11, 2016, to September 30, 2016, to account for the 131 days he spent in delinquency from October 30, 2015, to March 9, 2016, and the 132 days he spent incarcerated on another sentence from March 9, 2016, to July 19, 2016. (*Id.* at 35, 37.) Adding the unexpired term of 2 months and 12 days, or 73 days, to July 19, 2016, yielded the new September 30, 2016 maximum date. The Board did not add the 807 days from August 14, 2013, to October 30, 2015, to Petitioner's maximum sentence date, pursuant to Section 6138(c)(2) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(c)(2).[4]

On April 3, 2017, Petitioner was found guilty on the charges of possession with intent to sell, manufacture, or deliver a controlled substance; possession of a controlled substance by a person not licensed or registered; and possession of drug paraphernalia. (C.R. at 73.) He was sentenced by the Court of Common Pleas of Erie County on May 19, 2017, to 33 months to 66 months in a state correctional institution, followed by 5 years of probation. (*Id.* at 44, 73.) As a

---

[4] Section 6138(c)(2) of the Parole Code provides that a technical parole violator "shall be given credit for the time served on parole in good standing but with no credit for delinquent time . . . ."

3

result of the new conviction, the federal court sentenced Petitioner to serve 36 months for violating his supervised release. (*Id.* at 96-97.) Petitioner completed his federal sentence and was returned to the Board's custody on October 19, 2018. (*Id.* at 91.)

On October 26, 2018, the Board issued a notice of charges and hearing to Petitioner based on his new convictions. (C.R. at 52.) Petitioner waived his right to counsel and a revocation hearing, and admitted to the new convictions. (*Id.* at 54.) By decision mailed on December 5, 2018, the Board referred to its December 2016 decision recommitting Petitioner as a technical parole violator and recommitted Petitioner as a convicted parole violator to serve 24 months' backtime concurrent to his 2-month, 12-day recommitment as a technical parole violator. (*Id.* at 93-94.) In its discretion, the Board denied Petitioner credit for the time he spent at liberty on parole because he absconded while on supervision. (*Id.* at 94.) His parole violation maximum sentence date was recalculated as March 17, 2021. (*Id.*)

On January 3, 2019, Petitioner filed an administrative remedies form. (C.R. at 98-99.) First, he challenged the Board's decision to charge him as a technical parole violator in 2016, before his maximum sentence date expired, and then charge him as a convicted parole violator in 2018, after his maximum sentence date expired. Petitioner claimed that the Board should have instead considered both his technical parole violation and the new criminal charges at the same time, rather than considering the criminal charges after he was found guilty and his maximum date expired. Second, he claimed that he could not possibly owe 880 days on his original sentence because when he was recommitted as a technical parole violator, he only owed 2 months and 12 days. He asserted that the Board therefore erred by

4

giving him an extra 24 months of backtime, without any credit for time served in custody or street time.

The Board issued a response on May 21, 2020. (C.R. at 112.) The Board first informed Petitioner that it has the authority to recommit him as a convicted parole violator for an offense that occurs while he is on parole, regardless of when a detainer is lodged or when the conviction occurs. It explained that the controlling factor is the date of the offense, not the date of the conviction. Here, the offenses were committed prior to the expiration of Petitioner's original sentence, *i.e.*, when he was on parole from that sentence. Therefore, the Board acted within its authority to revoke Petitioner's parole and recommit him as a convicted parole violator based on his new convictions.

Next, the Board addressed its denial of street time credit. The Board noted that, in its discretion, it may grant or deny a convicted parole violator credit based on a new conviction. It explained that it chose to deny credit in this case because Petitioner absconded while on parole, which is a sufficient reason for denying credit.

The Board then addressed its recalculation of Petitioner's parole violation maximum sentence date. It explained that when Petitioner was paroled on August 14, 2013, with a maximum date of January 11, 2016, he had 880 days remaining on his original sentence. On October 26, 2015, he was arrested on new criminal charges in Erie, Pennsylvania, he posted bail two days later, and he then absconded from parole supervision as of October 30, 2015. On March 9, 2016, he was arrested in Ohio by United States Marshals pursuant to a federal violation of probation warrant, and was remanded to federal custody.

Following his conviction and sentencing on the new Erie County charges, he was sentenced in the United States District Court for the Western District of Pennsylvania on December 14, 2017, as a federal probation violator to serve 36 months in federal prison, consecutive to any other sentence. He was given credit by the Bureau of Prisons from March 9, 2016, to December 13, 2017, and on October 19, 2018, Petitioner completed the federal sentence and was returned to the Board's custody. Based on his conviction on the new criminal charges, the Board then charged Petitioner as a convicted parole violator, and he waived his right to counsel and a hearing. By decision mailed on December 5, 2018, the Board recommitted him as a convicted parole violator to serve 24 months' backtime concurrent to his 2-month, 12-day recommitment as a technical parole violator. In its discretion, the Board denied credit for the time he spent at liberty on parole.

The Board explained that Petitioner was in federal custody from March 9, 2016, through October 19, 2018. Thus, he was given no credit on his original state sentence for that period, and 880 days remained on his original sentence. Adding 880 days to October 19, 2018, yielded a recalculated maximum sentence date of March 17, 2021. Accordingly, the Board denied Petitioner's request for administrative relief and affirmed its decision mailed on December 5, 2018.

Petitioner now petitions for review to this Court, raising three issues. First, he claims that the Board erred by recommitting him as a convicted parole violator for convictions that occurred after the expiration of his original maximum sentence date. Second, he asserts that the Board erred by revoking the street time credit that was previously granted to him as a technical parole violator. Third, he argues that the Board erred in its recalculation of his maximum sentence date.

We begin with Petitioner's claim that the Board had no authority to recommit him as a convicted parole violator after the expiration of his original maximum sentence date. Specifically, his original maximum sentence date expired on January 11, 2016, and he was not convicted on the new charges until April 3, 2017. The Board responds that the law is well settled that it retains authority to recommit a parolee as a convicted parole violator after the expiration of his maximum sentence date if the crimes of which he is convicted occurred while he was on parole.

> Pursuant to Section 6138(a)(1) of the Parole Code:
>
> A parolee under the jurisdiction of the [B]oard released from a correctional facility who, *during the period of parole* or while delinquent on parole, *commits a crime punishable by imprisonment, for which the parolee is convicted* or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere *at any time thereafter in a court of record*, *may at the discretion of the* [B]*oard be recommitted as a parole violator*.

61 Pa.C.S. § 6138(a)(1) (emphasis added). Thus, if a parolee commits a crime while on parole and is convicted "at any time thereafter," he may be recommitted as a convicted parole violator. As explained in *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 74 (Pa. Cmwlth. 2013), "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum sentence date,] after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual [was] on parole."[5] *See also Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005).

---

[5] In *Miskovitch*, 77 A.3d at 74, the parolee received new charges while on parole in 2004, his original sentence expired in 2008, and he was not convicted on the new charges until 2010.

In this case, there is no dispute that the crimes of which Petitioner was ultimately found guilty occurred on October 26, 2015, when he was on parole from his original state sentence with a maximum date of January 11, 2016. (C.R. at 2, 7, 11-12.) The fact that Petitioner was not convicted until April 3, 2017, after the expiration of his original sentence, is irrelevant. As such, we reject Petitioner's claim that the Board was without authority to recommit him and recalculate his original maximum sentence date after the expiration of his original sentence.

Petitioner's second claim is that when he was recommitted as a technical parole violator, he received credit for the time he spent at liberty on parole from August 14, 2013, through October 30, 2015, pursuant to Section 6138(c)(2) of the Parole Code, 61 Pa. C.S. § 6138(c)(2). Petitioner argues that pursuant to *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), the Board cannot revoke street time credit that was previously granted. Therefore, because he did not lose his street time as a technical parole violator, the Board had no authority to revoke it later when he was recommitted as a convicted parole violator. The Board responds that in *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth.), *appeal denied*, 238 A.3d 1170 (Pa. 2020), this Court held that *Penjuke* does not apply when the criminal conduct that led to a parolee's recommitment as a convicted parole violator occurred during the same period of parole as the violation that led to his recommitment as a technical parole violator.

In *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810 (Pa. 2020), the Board revoked the street time of a convicted parole violator, including the street time the Board previously granted to the parolee in a prior revocation proceeding. The Pennsylvania Supreme Court held that if the Board

8

exercised its discretion to award street time credit under Section 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1), it could not, in a subsequent revocation proceeding, revoke that credit. *Id*. at 813-14. *Young* involved prior revocation proceedings; in *Penjuke*, the issue was whether the Board could forfeit the street time of a convicted parole violator that was previously credited to his original sentence, pursuant to Section 6138(c)(2) of the Parole Code, in a prior period of parole resulting in his recommitment as a technical parole violator. This Court held that the Board could not, in a subsequent revocation proceeding, revoke street time that was credited in the prior parole period resulting in the parolee's recommitment as a technical parole violator. *Penjuke*, 203 A.3d at 420.

However, in both *Young* and *Penjuke*, two separate periods of parole, and thus street time credit, were at issue. In *Kazickas*, 226 A.3d at 116-17, we explained that the Board is precluded from **reaching back in time *into past periods of parole*** to revoke street time credit that was previously granted to a technical parole violator. However, when the criminal conduct that led to a parolee's recommitment as a convicted parole violator occurred **during the same period of parole** as the violation that led to his recommitment as a technical parole violator, *Penjuke* does not apply. *Id.* at 116. As this Court has explained, "[b]efore [a parolee] could be recommitted as a [convicted parole violator], [he] had to be convicted of a criminal offense; this takes more time than is required to determine whether there were technical parole violations." *Hammett v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 13 C.D. 2019, filed May 8, 2020), slip op. at 10, *appeal denied*, 242 A.3d 633 (Pa. 2020).[6] As such, the Board must wait until it receives notice of a conviction

---

[6] This Court's unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

9

before addressing whether to recommit a parolee as a convicted parole violator and revoke credit for time spent at liberty on parole. *Id.*

In the present matter, unlike in *Penjuke*, the events that led to Petitioner being recommitted as a technical parole violator, and later as a convicted parole violator, occurred during the same parole period. Pursuant to *Kazickas*, because the conduct that led to Petitioner's recommitment as a technical parole violator and as a convicted parole violator occurred during the same parole period, *Penjuke* does not apply. As such, the Board did not violate the holding of *Penjuke* by revoking the credit Petitioner received as a technical parole violator for his time spent at liberty on parole in good standing.

Petitioner's third and final claim is that the Board erred in recalculating his maximum sentence date. Here, he does not raise a specific claim regarding the recalculation. Instead, Petitioner's claim is premised on his previous claim that the Board could not forfeit his street time as a convicted parole violator because it had already granted it to him as a technical parole violator. As we have explained above, pursuant to *Kazickas*, the Board did not err in determining, in its discretion, that Petitioner was not entitled to street time credit. As such, Petitioner's final claim is meritless.

For the foregoing reasons, we affirm the Board.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Oarmell Burrell, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 669 C.D. 2020 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 25th day of June, 2021, the order of the Pennsylvania Parole Board, dated May 21, 2020, is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita