# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Jamel Farlow, : 
                      Petitioner : 
           : 
            v. :   No. 1253 C.D. 2018
           :   Submitted: March 8, 2019
Pennsylvania Board, : 
of Probation and Parole, : 
                 Respondent : 

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE ROBERT SIMPSON,** Judge
                **HONORABLE MICHAEL H. WOJCIK,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**               **FILED: August 12, 2019**

Antoine Jamel Farlow (Farlow) petitions for review of an August 13, 2018 Order of the Pennsylvania Board of Probation and Parole (Board) that affirmed the Board's action of February 2, 2018, recommitting Farlow as a convicted parole violator (CPV). Farlow is represented by appointed counsel, Kent D. Watkins, Esquire (Counsel). Counsel has filed a Petition for Leave to Withdraw as Counsel (Application to Withdraw) and a *Turner*[1] Letter in support thereof. For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

On May 8, 2013, the Board paroled Farlow (Decision to Release on Parole, Certified Record (C.R.) at 4), and he was released from custody on June 3, 2013

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

(Technical Violation Arrest Report, C.R. at 19). At the time of his parole, Farlow was serving a sentence on four counts of drug manufacture/sale/delivery. (C.R. at 1.) Farlow's maximum sentence date was August 4, 2018. (*Id.*) On October 27, 2016, Farlow was declared delinquent by the Board, with an effective date of delinquency of October 24, 2016, for relocating without authorization. (C.R. at 11, 19.) On November 8, 2016, the Philadelphia Police Department arrested Farlow for burglary, criminal trespass, criminal mischief, terroristic threats, and recklessly endangering another person (collectively referred to as new charges). (Philadelphia Police Department Arrest Report, C.R. at 13.) Bail was set on the new charges on November 9, 2016, in the amount of $10,000.00/10%, which was not posted by Farlow. (C.R. at 60.) The Board was notified of Farlow's arrest on November 8, 2016, and the Board issued a Warrant to Commit and Detain Farlow on the same date. (C.R. at 12.)

On November 15, 2016, Farlow received a Notice of Charges and Hearing, which scheduled a preliminary hearing and detention hearing for November 22, 2016. (C.R. at 21.) On the same date, Farlow waived his right to counsel at the preliminary/detention hearing, waived the preliminary/detention hearing, and admitted to violating the terms of his parole. (C.R. at 23-24.) Thereafter, on February 15, 2017, the Board issued a decision, which detained Farlow until disposition of the new charges, and recommitted him for six months as a technical parole violator (TPV) based upon Farlow's admission of the technical parole violation. (C.R. at 35-36.) Pursuant to the Board's February 15, 2017 decision, Farlow was to be automatically reparoled without further action by the Board on May 8, 2017. (*Id.*). His parole violation maximum date was calculated as August 19, 2018, reflecting the 15 days he lost due to delinquency. (*Id.*).

2

On October 20, 2017, Farlow entered into a negotiated plea agreement for the new charges whereby he pled guilty to simple assault, recklessly endangering another person, and possessing an instrument of crime. (Negotiated Guilty Plea Sentencing Order, C.R. at 57-58.) For the charge of simple assault, Farlow received a sentence of 6 months to 23 months of confinement in a county prison. (*Id.*) Farlow received a minimum of two years of probation on the charge of recklessly endangering another person, and a minimum of four years of probation on the charge of possessing an instrument of a crime. (*Id.*)

On November 9, 2017, Farlow received a Notice of Charges and Hearing scheduling a parole revocation hearing for November 15, 2017, at the State Correctional Institution (SCI) at Graterford. (C.R. at 40.) On the same date, Farlow waived the panel and revocation hearing and his right to counsel at said hearings, as well as admitted to violating his parole. (C.R. at 52.) On February 2, 2018, the Board, relying on Farlow's guilty plea, issued a decision recommitting him to serve 18 months of back time, to be served concurrent to his sentence of 6 months as a TPV. (C.R. at 68-69.) The Board indicated that it did not award Farlow credit for time spent at liberty on parole because his "conviction involved possession of a weapon." (*Id.* at 69.) Farlow's parole violation maximum date was recalculated to December 20, 2022. (Order to Recommit, C.R. at 70.) He was given back time credit of one day from November 8, 2016, to November 9, 2016. (*Id.*)

Farlow filed a pro se Administrative Remedies Form on February 13, 2018, alleging:

> There are no statutory provisions . . . that authorize the [Board] to change the maximum date of a sentence that was imposed by a court of law. This fact is extremely crucial to note because although the [Board] does lawfully possess the authority to grant parole on an imposed sentence after the sentence's minimum term has expired, the [B]oard []

3

does not possess the lawful authority to change the maximum term (maximum date) that has already been imposed by the court.

(Administrative Remedies Form, C.R. at 72.) In his Petition for Administrative Review, which accompanied his Administrative Remedies Form, Farlow alleged:

> [T]he [Board] does not have the power to alter, increase, decrease, or extend the judicially imposed sentence, a violation occurs when a parole violator receives their "Green Sheet" that specifies their maximum date has been pushed back to a later time. This violation occurs whenever the [] [B]oard exercises [its] authority to revoke a parole violator's "street time," either after a new criminal conviction (for convicted violators), or after the [] [Board] has determined that the parolee served a certain amount of delinquent time while on parole (for technical violators).

(*Id.*) Additionally, Farlow filed a second Petition for Administrative Review on February 16, 2018, in which he alleged the Board "failed to give [him] credit for all time served exclusively pursuant to the [B]oard's warrant." (C.R. at 74.)

The Board responded to Farlow's administrative appeals by letter on August 13, 2018, which stated "[t]he decision to recommit [Farlow] as a [CPV] gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the period he was at liberty on parole." (C.R. at 75.) The Board noted that it advised Farlow of his potential penalty and that Farlow had constructive notice of his potential penalty via statute. (*Id.*) The Board concluded that it properly recalculated Farlow's maximum date to December 20, 2022, explaining it gave Farlow only one day credit from November 8, 2016, to November 9, 2016, because this was the only day in which Farlow was held solely on the Board's warrant. (*Id.* at 76.) The Board further explained that it did not award Farlow credit for the period from November 9, 2016, to October 20, 2017, because he was being held on both the Board's warrant and the new charges. (*Id.*)

4

Farlow, through Counsel, now petitions for review of the August 13, 2018 Order of the Board. Farlow presents a single issue for review, that the Board "failed to give [Farlow] credit for all time served exclusively to its warrant." (Petition for Review ¶ 5.) On November 23, 2018, Counsel filed the Application to Withdraw, along with the *Turner* Letter, explaining why he believed Farlow's arguments were frivolous. In his Letter, Counsel avers that he reviewed the record certified by the Board, as well as applicable case law, and that based upon his review he concludes Farlow's Petition for Review "has no basis in law or in fact and is, therefore, frivolous." (*Turner* Letter at 9.) Counsel's Application to Withdraw, as well as the *Turner* Letter, were mailed to Farlow on July 2, 2018.

On November 27, 2018, this Court issued an Order directing that Counsel's Application to Withdraw be considered along with the merits of Farlow's Petition for Review. Further, the Order gave Farlow 30 days to either obtain substitute counsel or file a brief on his own behalf. Thereafter, on January 29, 2019, the Board filed a praecipe to dismiss Farlow's Petition for Review. In its praecipe, the Board argued that since Farlow had not filed a brief within 30 days of this Court's November 27, 2018 Order, this matter should be dismissed. This Court entered an Order on February 6, 2019, denying the Board's praecipe to dismiss.

Preliminary, before addressing the merits of Farlow's Petition for Review, we must first determine whether Counsel should be permitted to withdraw. Pursuant to Section 6(a)(10) of the Public Defender Act, "public defender[s] shall be responsible for furnishing legal counsel . . . to any person who, for lack of sufficient funds, is unable to obtain legal counsel [for] . . . [p]robation and parole proceedings and revocation thereof." Act of December 2, 1968, P.L. 144, *as amended*, 16 P.S. § 9960.6(a)(10). However, while an indigent parolee has the right to assistance of

5

counsel in parole revocation proceedings, including appeals, a parolee is not entitled to representation by appointed counsel to pursue a frivolous appeal. *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1123 (Pa. Cmwlth. 2005). If court-appointed counsel "concludes, after a thorough review of the record, the appeal is wholly frivolous," counsel may move to withdraw as counsel of record. *Id.* "An appeal is 'wholly frivolous' when it completely lacks factual or legal reasons that might arguably support the appeal." *Id.* Before counsel can withdraw, counsel must complete the technical requirements for withdraw. The specific technical requirements for withdrawal are dependent on whether the parolee has a constitutional or statutory right to counsel. A constitutional right to counsel arises when a parolee raises a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (quoting, *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Counsel seeking to withdraw from a case in which a parolee has a constitutional right to counsel must file an *Anders*[2] brief. However, in cases where a parolee's right to counsel does not derive from the constitution, but rather from the Public Defender Act, counsel seeking to withdraw is excused from filing an *Anders* brief but must instead file a no-merit letter pursuant to *Turner*. *Hughes*, 977 A.2d at 25-26.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

6

Pursuant to *Turner*, a no-merit letter must "detail[] the nature and extent of the [counsel's] review and list[] each issue the [parolee] wished to have raised, with counsel's explanation of why those issues are meritless." *Turner*, 544 A.2d at 928. Counsel seeking to withdraw must provide the parolee: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the parolee] of the right to proceed pro se or by new counsel." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If counsel has complied with the above-mentioned technical requirements, this Court "will conduct its own independent review to determine whether the petition for review is, in fact, without merit." *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 44 (Pa. Cmwlth. 2010).

Here, Farlow does not have a constitutional right to counsel because he does not attack the underlying parole violation; therefore, Farlow's right to counsel is derived from the Public Defender Act. As such, Counsel filed a *Turner* Letter. A review of Counsel's *Turner* Letter shows that it meets the requirements set forth in *Turner*. The letter provides citations to the record certified by the Board, as well as a summary of the procedural history and facts. Counsel discussed the issue raised in Farlow's Petition for Review and provided a thorough discussion of why this matter is frivolous and meritless. Counsel's *Turner* Letter reflects that he thoroughly reviewed the record and the applicable law. Additionally, upon review of the Application to Withdraw, it is clear Counsel has met the technical requirements to withdraw. Counsel has provided certificates of service demonstrating he mailed the *Turner* Letter and the Application to Withdraw to Farlow on November 23, 2018. Counsel's *Turner* Letter advised Farlow of his right to retain substitute counsel or proceed pro se. Therefore, because Counsel has met the technical requirements to

7

withdraw, we now turn to Farlow's Petition for Review to independently determine whether it is indeed frivolous.[3]

As stated above, Farlow presents one issue for review, that the Board did not give him "credit for all time served exclusively to its warrant." (Petition for Review ¶ 5.) The Board issued its Warrant to Commit and Detain Farlow on November 8, 2016. The Board gave Farlow credit for one day, November 8, 2016 to November 9, 2016, the time between when the Board issued its warrant and when bail was set on the new charges by the Court of Common Pleas of Philadelphia County. To the extent that Farlow argues he should have been credited for the time between the Board's warrant and when he entered into the plea agreement on the new charges, this argument is not persuasive.

In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), the Supreme Court held that:

> [I]f a [parolee] is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a [parolee], however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Similarly, when a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016).

---

[3] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005.)

Only where "it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

Here, Farlow was being held on both the Board's warrant and the new charges because he did not post bail. Thus, pursuant to *Gaito*, Farlow is not entitled to credit for the time he was being held on both the Board's warrant and the new charges because he did not post bail on the new charges. 412 A.2d at 571. As a result, only the time between the issuance of the Board's warrant and the setting of bail could be credited. Thus, we cannot find the Board committed an error in only crediting Farlow for one day. Therefore, based upon the foregoing, Farlow's Petition for Review is "wholly frivolous" as it "lacks factual or legal reasons that might arguably support the appeal." *Adams*, 885 A.2d at 1123. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's August 13, 2018 Order.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Jamel Farlow,                        :
                 Petitioner       :
                               :
           v.                                :    No. 1253 C.D. 2018
                               :
Pennsylvania Board,                          :
of Probation and Parole,                     :
                Respondent       :

## O R D E R

**NOW**, August 12, 2019, the Petition for Leave to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

 

_____

**RENÉE COHN JUBELIRER,** Judge