525 A.2d 888

John R. Stepoli, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 18, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Cheryl J. Peck,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 15, 1987:

This is an appeal by John R. Stepoli (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a parole revocation order. The order recommitted Petitioner as a convicted parole violator (cpv) to serve one year, five months and six days backtime. For the reasons set forth below, we affirm.

Petitioner was convicted of robbery[1] by the Court of Common Pleas of Allegheny County and was sentenced to a two to four year term of imprisonment. Petitioner's minimum term expiration date was April 1, 1983 with a maximum date of April 1, 1985. The Board granted Petitioner parole, releasing him from confinement on April 1, 1983. Thereafter, Petitioner absconded from supervision and the Board declared him delinquent effective December 7, 1984.

Petitioner was arrested on November 21, 1985 by the Donora, Pennsylvania, Police Department and confined in the Washington County Prison. The Board lodged its warrant and detainer the same day.

Petitioner waived his technical parole violation preliminary hearing on December 2, 1985 and requested a full Board hearing. A full Board violation hearing was conducted on February 12, 1986 at the State Correctional Institute at Pittsburgh. The Board recommitted Petitioner as a technical parole violator (tpv) to serve his unexpired term, when available.

On April 7, 1986, Petitioner pleaded guilty to one count each of Possession with Intent to Deliver a Controlled Substance,[2] Former Convict Not to Own a Fire-

---

[1] Section 3701 of the Crimes Code, 18 Pa. C. S. §3701.

[2] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113.

arm,[3] and Criminal Mischief.[4] A parole revocation hearing was held on June 10, 1986, and Petitioner was recommitted as a cpv to serve one year, five months and six days backtime. The Board determined that Petitioner was entitled to five months and twenty-four days credit toward his *original* sentence for previous confinement unrelated to this incident and five months and nineteen days credit toward his *new* sentence for confinement from November 21, 1985 (date of arrest) to June 10, 1986 (date of recommitment as a cpv).

On appeal, Petitioner asserts that the Board erred in recommitting him as both a cpv and a tpv on separate dates, thereby causing him to serve his original maximum sentence twice. He asserts that he should be given credit for the 119 days he served prior to the removal of the Board's detainer.

The assessment of backtime differs depending upon whether Petitioner is adjudicated a tpv or a cpv. As a tpv Petitioner's maximum recommitment would be for the actual number of days remaining in his original sentence. When Petitioner absconded from supervision he had 114 days remaining on his original sentence. (April 1, 1985 (max. date) minus December 7, 1984 (date declared delinquent)). Therefore, his maximum recommitment as a tpv would be for 114 days.

However, recommitment as a cpv results in the loss of Petitioner's "street time" when recomputing the time to be served on the original sentence. Section 21.1(a) of the Parole Act, added by Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21(a). Therefore, Petitioner would only have completed that portion of his original sentence for which he was actually confined.

---

[3] Section 6105 of the Crimes Code, 18 Pa. C. S. §6105.
[4] Section 3304 of the Crimes Code, 18 Pa. C. S. §3304.

He would lose all credit for time he was at liberty on parole.

The gist of Petitioner's argument is that his confinement from November 21, 1985, the date of his arrest, until March 19, 1986,[5] the date he asserts that the Board lifted its detainer, was on account of his recommitment as a tpv. Thus, he asserts that he has already served his maximum term and his cpv recommitment will cause him to serve it a second time.[6] This argument has no merit.

The Board's tpv recommitment order recommits Petitioner to serve his maximum sentence as a tpv *when available*. The Board recommitted Petitioner as a cpv crediting the entire time spent in custody subsequent to the November 21, 1985 arrest to his *new* sentence. In *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 403, 412 A.2d 568, 571 (1980), the Pennsylvania Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." Petitioner does not assert that he was eligible for bail and our review of the record reveals that no bond was ever set on Petitioner's new charges. Therefore, he was not being detained *solely* on a Board detainer and had not served his recommitment as a tpv. The Board properly credited the time spent in custody to Petitioner's new sentence.

---

[5] Petitioner asserts that the Board lifted its detainer on this date. The record is devoid of evidence to support this assertion.

[6] The only consequence of this argument would be that Petitioner would receive 114 days credit against his *original* sentence rather than his *new* sentence. As Petitioner was arrested prior to the expiration of his original sentence, his recommitment as a cpv was timely.

Petitioner also asserts that he relied to his detriment on the assurances of Board members that his original sentence would expire March 15, 1986.[7] He claims that he would not have pleaded guilty to the new criminal charges had he known that he could be recommitted as a cpv.

---

[7] *MR. STEPOLI:* When does my time start on—for me leaving the State on the technical violations. Does it start the day I was arrested or today?

*MR. MC GINNIS:* You were declared delinquent effective December 7th which—

*MR. JACOBS:* It would start then unless we decide that that was not a legitimate date.

*MR. STEPOLI:* I'm saying like now, if you violate me and give me time, when would my time start? Would the time I've done already count?

*MR. JACOBS:* You would owe a total of three (3) months and twenty-four (24) days counting from 11/21/85.

*MR. STEPOLI:* Starting from that date.

*MR. MC GINNIS:* That was the date of warrant, the date that we put a warrant on you, November 21st, '85. That's when your time starts.

*MR. JACOBS:* So with your delinquent time if we agree that the delinquent date is accurate with all that added on your max would have changed up to 3/15/86?

*MR. STEPOLI:* Okay, that's what I wanted to know.

*MR. JACOBS:* So that's the worst that could happen to you. But you could be declared delinquent for control purposes as of that date which means *that even though you would get out on that date and if you're later convicted on another charge—*

*MR. STEPOLI:* The detainer is lifted as of March 16th, if you decide that's the date, the detainer must be lifted?

*MR. JACOBS:* Yes.

*MR. STEPOLI:* Okay.

*MR. MC GINNIS: Like Mr. Jacobs said you would be still in the future held accountable if you're found guilty.* If there's nothing further we'll conclude the Violation hearing then on Mr. Stepoli. We'll get back to you, sir and Mr. Campbell within three (3) weeks. Mr. Jacobs and Mr. Mc Ginnis are members of the Board.

First, the Board members warned him of this consequence.[8] Second, even if Petitioner relied on the error of the Board members, it is of no consequence. Petitioner pleaded guilty to three violations of the laws of this Commonwealth. This Court does not doubt that Petitioner believed he had served his original sentence. However, his guilty plea was voluntarily entered in open court and was not based upon any agreement with the Board or any assurances that he would not be recommitted as a cpv. His recommitment may have been a surprise but he was not prejudiced by any action of the Board.

Accordingly, we affirm.

## ORDER

AND NOW, May 15, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

[8] *See* footnote 7.