# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Coffield, :
               Petitioner :
 :
    v. : No. 1621 C.D. 2017
 : SUBMITTED: April 20, 2018
Pennsylvania Board of :
Probation and Parole, :
               Respondent :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED: May 22, 2018

Nelson Coffield (Petitioner) petitions for review from the Pennsylvania Board of Probation and Parole's (Board) October 2, 2017 Order affirming in part and reversing in part its April 21, 2017 decision to recalculate Petitioner's maximum parole violation expiration date as February 20, 2023. Petitioner's appointed counsel, Nicholas E. Newfield, Esquire (Counsel), has also submitted an Application for Leave to Withdraw Appearance (Application), in which Counsel asserts the Petition for Review (Petition) is frivolous and consequently seeks our permission to withdraw from representing Petitioner in this matter. We deny Counsel's Application and direct Counsel to file either a proper no-merit letter or an advocate's brief within 30 days.

On January 11, 2007, Petitioner pled guilty in the Court of Common Pleas of Montgomery County (Trial Court) to one count of criminal conspiracy and one count of Possession with Intent to Deliver (PWID), and was also found guilty of two counts

of unlawful possession of a controlled substance and two additional counts of PWID. Certified Record (C.R.) at 1.[1] As a result, Petitioner was sentenced to an aggregated carceral term of 6 to 12 years, with a maximum parole violation date of April 7, 2018. *Id.* at 1-3. Petitioner was eventually paroled on April 7, 2012. *Id.* at 5.

On March 3, 2016, Petitioner was arrested in Norristown, Pennsylvania, after a traffic stop, during which law enforcement officers discovered 59 narcotic pills and $840 in cash, and was subsequently charged with one count each of PWID, unlawful possession of a controlled substance, possession of drug paraphernalia, and operating a motor vehicle with inoperative rear lights. *Id.* at 12-16. On September 21, 2016, Petitioner pled guilty to the PWID charge in the Trial Court. *Id.* at 27.

Consequently, on March 1, 2017,[2] the Board ordered Petitioner to be recommitted as a convicted parole violator to serve 24 months of backtime, "pending sentencing [for the PWID] conviction and [Petitioner's] return to a State Correctional Institution [(SCI)]." *Id.* at 38. This prompted Petitioner to submit an administrative remedies form on April 10, 2017, through which he challenged the length of his recommitment and the amount of time credit the Board had given him for being detained since his March 3, 2016 arrest. *Id.* at 44-45.

On March 29, 2017, the Trial Court sentenced Petitioner to between 3 and 8 years in prison for the PWID conviction.[3] *Id.* at 40-41. The Board reconvened on

---

[1] The Department of Corrections' "Sentence Status Summary" also indicates that Petitioner's probation, which was connected to a previous conviction for unlawful possession of a controlled substance, was also revoked on January 11, 2007, but it is not clear from the record when exactly Petitioner committed this crime or precisely when he was convicted. C.R. at 1.

[2] This decision was mailed to Petitioner on March 3, 2017. *Id.* at 39.

[3] The remaining charges stemming from Petitioner's March 3, 2016 arrest were *nolle prossed* by the Montgomery County Office of the District Attorney. *Id.* at 40.

April 21, 2017 and, in response to the Trial Court's sentencing decision, recalculated Petitioner's maximum parole violation date as February 22, 2023.[4] *Id.* at 63-64. On May 15, 2017, Petitioner sent Alan Robinson, Esquire, the Board's Chief Counsel, a letter that reads as follows:

> My name is Nelson Lateef Coffield . . . I am currently incarcerated in SCI Graterford. I was paroled on 5/12/2012 [and] I was on parole when released until 2018. I caught new criminal charges on March 3, 2016 [and] a detainer was lodged against me on this same day from state parole. I was in [Montgomery County Correctional Facility] until I was sentenced on March 27, 2017 [sic] to a new 3-8 year state sentence. I received my green sheet on March 3, 2017 for charges [regarding which] I [had offered an] open guilty plea on Sept[ember] 21, 2016, which I received a 24[-]month parole hit for. I received a second green sheet on 5/11/17 stating my max [parole violation] date was changed from 4/7/18 at 2/22/2023. It says I owed 5 year[s,] 10 m[onths, and] 26 day[s] of backtime . . . [N]one of my street time was credited [nor] was the 14 month[s] of jail time I have [served] credited toward backtime. I would like an evidentiary hearing [and] was referred to write you to do so. Can you please tell me or guide me on steps I got to take or what I need to do to try to resolve the matters[?] [T]hank you for your concern.

*Id.* at 67.

Petitioner then filed a second administrative remedies form on May 24, 2017, through which he challenged the Board's April 21, 2017 decision on numerous constitutional bases, claimed that the Board had improperly altered his judicially imposed sentence, and maintained that he was being detained pursuant to an illegal contract with the Board. *Id.* at 69-76. On October 2, 2017, the Board determined that Petitioner's maximum parole violation date had been improperly calculated, and that the correct date was actually February 20, 2023, two days less than what had

---

[4] This decision was mailed to Petitioner on May 5, 2017. *Id.* at 64.

3

been expressed via the Board's April 21, 2017 decision, consequently granting Petitioner's challenge in part, in order to correct this mistake, but otherwise denied his requests for relief. *Id.* at 77-79.[5] This was supplemented by an October 6, 2017 letter from Mr. Robinson to Petitioner, in which Mr. Robinson explained the Board's reasoning regarding several of Petitioner's issues. *Id.* at 80. First, the Board had dismissed Petitioner's April 10, 2017 challenge due to its untimeliness. *Id.* Second, turning to Petitioner's more recent requests for relief, Mr. Robinson stated that Petitioner was "required to serve the remainder of [his] original term and [was] not entitled to credit for any periods of time [he was] at liberty on parole[,]" because Petitioner had been "recommitted as a convicted parole violator[.]" *Id.* Third, Petitioner could not receive credit for time served between his March 3, 2016 arrest and his March 29, 2017 sentencing, "because [he was] not detained solely by the Board during that period." *Id.*[6] Finally, Petitioner's actual maximum parole violation date was February 20, 2023, meaning that the Board's original date calculation was wrong, which necessitated the aforementioned revision. *Id.*

Petitioner then submitted a *pro se* Petition to our Court on November 1, 2017. Therein, he argued that the Board had erred by choosing to "to take all time served on parole in 'good standing' and to only give him (2) two days credit towards his original sentence without conducting an individual assessment of the facts and circumstances surrounding his parole violation and revocation." Petition at 2. In addition, Petitioner claimed that the Board had improperly altered his judicially

---

[5] The Board mailed its October 2, 2017 decision to Petitioner on October 5, 2017. C.R. at 77.

[6] Petitioner failed to post bail after his March 3, 2016 arrest and was consequently held in the Montgomery County Correctional Facility pending trial on the criminal charges stemming from that arrest. C.R. at 36.

imposed sentence and, thus, violated a number of his constitutional rights. *See id.* at 3.[7] As a result, Petitioner sought the reversal of the Board's decisions to deny him credit for his time at liberty on parole and to extend his maximum parole violation date to February 20, 2023. *Id.*

Counsel subsequently entered his appearance on behalf of Petitioner on November 27, 2017, filing his Application and a no-merit letter on February 16, 2018.[8] In his Application, Counsel stated he had "conducted a full and conscientious examination of the record certified to this Court by the . . . Board, and ha[d] concluded that there is no factual or legal basis for Petitioner Coffield's appeal and that the said appeal is frivolous." Application at 3. In the no-merit letter, Counsel provided the following explanation for this conclusion:

> The crux of Petitioner Coffield's argument is that the Board lacks the authority to extend the maximum date of

---

[7]     Petitioner contends that the Board lodged a detainer against [P]etitioner and entered an appearance in a criminal matter that subjects [P]etitioner to a "hit" that causes petitioner to do an extended period of time in a state correctional institution without a written assignment made within the written judgment of sentence order signed by the sentencing judge in which [P]etitioner is being illegally detained and has suffered a significant increase in punishment in vioaltion [sic] of the 'ex post facto clauses'" of the U.S. Constitution, Article 1, § 9, Clause 3, and U.S. Constitution, Article 1, § 10, Clause 1. GREGG V. GEORGIA, 428 U.S. 153 [(1976)]. Detention or changing/altering/extending a judicially imposed sentence constitutes a violation of due process and cruel and unusual punishment in violation of U.S. Constitution, Amendments 5, 8, and 14. ESTELLE V. GAMBLE, 429 U.S. 97, 97 S.Ct. 285 (1976).

Petition at 3.

[8] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

5

his original sentence. Petitioner avers that the Board is acting in a judicial manner, in so "changing" the original sentence. The greensheet indicates the Board chose not to credit Petitioner with any of the time spent at liberty on parole, which the Parole board has the authority to do. Section 21.1(a) "Parole Act" provides that a parolee may be recommitted as a convicted parole violator if the parolee commits any crime punishable by imprisonment, while on parole, from which he is convicted or found guilty. As evidence [sic] from the record, Petitioner Coffield was on parole while committing a new offense, [for] which he was sentenced on March 29, 2017 to a new term of imprisonment. ([C].R. [at] 40-41). Further, the [P]arole Act provides that a convicted parole violator "shall be given no credit for the time at liberty on parole." 61 P.S. [§] 331.21a. Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time. *Stepoli v. Pennsylvania Board of Probation and Parole*, 106 Pa. Cmwlth. 197, 525 A.2d 888 (1986). When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry. *Palmer v. Pennsylvania Board of Probation and Parole*, 704 A.2d 195 (Pa. Cmwlth. 1997).

While Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b), provides that a technical parole violator will be given credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996), *petition for allowance of appeal denied*, 547 Pa. 759, 692 A.2d 568 (1997); *Anderson v. Pennsylvania Board of Probation and Parole*, 80 Pa. Cmwlth. 574, 472 A.2d 1168 (1984). Thus, as in the case with Petitioner Phoenix,[9] upon his recommitment as a

---

[9] "Phoenix" presumably refers to *Phoenix v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1243 C.D. 2017, filed April 5, 2018), 2018 WL 1630602. Counsel represented

6

convicted parole violator, in addition to losing all time spent at liberty during the current parole, he also forfeited all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.

Accordingly, there is no merit in either law or fact to [Petitioner's] challenge to the decision of the . . . Board.

Application, Ex. B at 2-3. Counsel also sent a letter to Petitioner, informing him that Counsel found the Petition to be without merit, explaining the reasons for this determination, and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's explanation. Application, Ex. A at 1-3.

Before addressing the merits of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Application and no-merit letter. Because Petitioner, through his Petition, only challenged the Board's denial of credit for his time at liberty on parole and its decision to recalculate his maximum parole violation expiration date, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[10]  "A no-

---

Phoenix and used *this exact block quote*, *verbatim*, in the unsuccessful Application for Leave to Withdraw Appearance he submitted in that matter on December 1, 2017. *See Phoenix*, slip op. at 1-6.

[10] Where no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate,

merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner,* 544 A.2d 927, 928 (Pa. 1988)) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the merits of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of his client. *Id.*

Here, we conclude that Counsel's no-merit letter is inadequate for three reasons. First, Counsel repeatedly referenced and based the entirety of his legal analysis and conclusions upon the Parole Act, despite the fact it was repealed by our General Assembly more than 8½ years ago through the Act of August 11, 2009, P.L. 147, and replaced by the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§ 101-6153. Second, there are material differences between the Parole Act and Parole Code. For example, *as Petitioner himself pointed out in his pro se Petition*, the Parole Code vests the Board with discretion, in certain situations, to award a convicted parole violator with credit for time spent at liberty on parole. *See* Petition at 2 (citing *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017) and 61 Pa. C.S. § 6138(a)(2.1)). Third, Counsel does not address or analyze either of the issues Petitioner raised in his *pro se* Petition in a satisfactory or legally accurate manner,

---

and that the reasons are complex or otherwise difficult to develop or present.

*Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

*Seilhamer*, 996 A.2d at 43 n.4.

specifically that the Board: 1. Erred by failing to credit Petitioner for "all time served on parole in 'good standing' and . . . only giv[ing] him (2) two days credit towards his original sentence without conducting an individual assessment of the facts and circumstances surrounding his parole violation and revocation"; and 2. Violated a number of Petitioner's constitutional rights by improperly altering his judicially imposed sentence. Petition at 2-3.

Consequently, we deny Counsel's Application without prejudice and direct him to remedy the aforementioned manifest deficiencies by filing either a proper no-merit letter or an advocate's brief in support of the Petition within 30 days.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Coffield,               :
              Petitioner       :
                               :
       v.                      :  No. 1621 C.D. 2017
                               :
Pennsylvania Board of          :
Probation and Parole,          :
              Respondent       :

**O R D E R**

AND NOW, this 22nd day of May, 2018, the Application for Leave to Withdraw Appearance filed by Nicholas E. Newfield, Esquire, is hereby DENIED WITHOUT PREJUDICE. Counsel shall file an Amended Application and a no-merit letter, or an advocate's brief in support of the Petition for Review, within thirty (30) days of the date of this order.

_____
ELLEN CEISLER, Judge