IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary A. Boyd-Chisholm,                    :
                        Petitioner        :
                                          :
            v.                            :        No. 876 C.D. 2019
                                          :        Submitted:  April 24, 2020
Pennsylvania Board of Probation           :
and Parole,                               :
                        Respondent        :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  July 27, 2020

            Gary A. Boyd-Chisholm (Boyd-Chisholm), who is represented by
appointed counsel, petitions for review of an order of the Pennsylvania Board of
Probation and Parole[1] (Board) that denied his request for administrative relief.
Boyd-Chisholm argues that the Board erred by not articulating a causally-linked
reason to deny him credit for time spent while at liberty on parole and by determining
that the time credit arguments in his administrative appeal were rendered moot by
the Board's recalculation of his maximum sentence.  Boyd-Chisholm also asserts
that the Board may not take time from him which was originally granted as time in

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

good standing while he was at liberty on parole prior to technical violations. Upon review, we affirm the Board.

## I. Background

The Board states that Boyd-Chisholm is an inmate at State Correctional Institution (SCI) – Somerset. The Board has parole authority over Boyd-Chisholm based on an aggregated sentence of 2 years and 6 months to 12 years for 2 counts of Possession with Intent to Deliver a Controlled Substance, Firearm not to be Carried Without a License, Person not to Possess Firearms, Conspiracy to Commit Possession with Intent to Deliver a Controlled Substance, and Possession of Drug Paraphernalia. Board's Br. at 4; Certified Record (C.R.) at 1. Boyd-Chisholm's minimum sentence date was June 6, 2010, and his maximum sentence date was originally June 6, 2016. C.R. at 1. However, he was released on parole on July 6, 2010. C.R. at 7. Between January 7, 2011, and July 31, 2013, the Board filed three separate detainers against Boyd-Chisholm after criminal charges were filed against him and later dismissed. C.R. at 11-24.

On August 22, 2013, the Harrisburg Police Department filed criminal charges against Boyd-Chisholm of Simple Assault, Carrying a Firearm Without a License, Possession of a Small Amount of Marijuana, Possession of Drug Paraphernalia, and Possession, Use, Control, Sale, Transfer or Manufacture of a Firearm. C.R. at 27-36. On October 12, 2013, additional charges were filed against Boyd-Chisholm by the Harrisburg Police Department, and the Board issued a warrant to commit and detain Boyd-Chisholm. C.R. at 37; 47. On November 27, 2013, the Board rendered a decision to detain Boyd-Chisholm pending the outcome

2

of new criminal charges concerning his October 12, 2013 arrest. C.R. at 64. Boyd-Chisholm posted bail on December 6, 2013. C.R. at 49. On October 16, 2014, Boyd-Chisholm pled guilty to Disorderly Conduct, Use/Possession of Drug Paraphernalia, and Possession of Marijuana, among other charges, and was ordered to serve one year of probation, with any time credit going toward his detainer. C.R. at 63.

On October 29, 2014, Boyd-Chisholm signed a Waiver of Revocation Hearing and Counsel/Admission Form, waiving his right to a revocation hearing and his right to counsel and admitting that he violated his parole by committing the aforementioned offenses. C.R. at 67. The Board accepted Boyd-Chisholm's waivers and indicated on the Hearing Report, dated November 10, 2014, that Boyd-Chisholm would not receive credit for time he spent at liberty on parole by checking "No" next to "Credit time spent at liberty on parole." C.R. at 71-78. By decision mailed on January 16, 2015, the Board recommitted Boyd-Chisholm as a convicted parole violator (CPV) to serve 12 months of backtime for his new criminal convictions and recomputed Boyd-Chisholm's maximum sentence date to June 22, 2019, with no credit for time spent at liberty on parole.

Boyd-Chisholm was released on parole on February 18, 2016. C.R. at 83-84; 88. Boyd-Chisholm signed conditions of parole and special conditions of parole. C.R. at 89-99. On December 16, 2016, the Harrisburg Police Department filed charges against Boyd-Chisholm for Possession of a Small Amount of Marijuana and Possession of Drug Paraphernalia. C.R. at 101-04. On March 24, 2017, the Board issued a decision declaring Boyd-Chisholm delinquent effective March 22, 2017. C.R. at 100. On July 24, 2017, Boyd-Chisholm pled guilty to

3

Use/Possession of Drug Paraphernalia and was sentenced to six months of probation. C.R. at 107-08.

On September 14, 2017, the Pennsylvania Office of Attorney General filed charges against Boyd-Chisholm in Cumberland County, Pennsylvania, for delivery of a controlled substance, *i.e.*, crack cocaine, and Criminal Use of a Communication Facility. C.R. at 112-15. On September 15, 2017, the Board issued a warrant to commit and detain Boyd-Chisholm. C.R. at 116. On October 31, 2017, the Board recorded an action declaring Boyd-Chisholm delinquent as of March 24, 2017, and cancelling the delinquency period of March 22, 2017, through August 23, 2017. C.R. at 121. On November 3, 2017, the Board recorded a decision to detain Boyd-Chisholm, pending the disposition of the criminal charges against him. C.R. at 122. On January 29, 2018, Boyd-Chisholm pled guilty to use/possession of drug paraphernalia and was sentenced to six months of probation. C.R. at 125, 132. All other charges were dismissed. On February 21, 2018, the Board issued an order releasing Boyd-Chisholm from temporary detention. C.R. at 133.

On April 13, 2018, a revocation hearing for Boyd-Chisholm was held at SCI-Camp Hill, and on July 9, 2018, (recorded June 19, 2018), the Board issued a decision recommitting him as a CPV for six months and declining to award credit for time spent at liberty on parole. The reasons for the Board's decision to deny credit for time spent at liberty on parole were "SCI misconduct" and that Boyd-Chisholm "shows risk to the community." C.R. at 185-86. Boyd-Chisholm's maximum date was recomputed to April 5, 2021. C.R. at 188. Boyd-Chisholm filed a request for administrative review on August 2, 2018. C.R. at 190-93.

On May 22, 2019, the Board issued a decision modifying its June 19, 2018, October 4, 2018, and April 15, 2019, orders due to a technical error and recalculating Boyd-Chisholm's parole violation maximum date to January 17, 2021. C.R. at 207. On May 31, 2019, Boyd-Chisholm filed an administrative appeal seeking credit for his time at liberty on parole from July 2010 to July 31, 2013, and from February 2016 to August 2017 and seeking his "immediate discharge in full from the Pennsylvania [Department of Corrections] and [the Board]." C.R. at 210-11.

On June 20, 2019, the Board issued a decision denying Boyd-Chisholm's appeal. C.R. at 219. The Board subsequently notified Boyd-Chisholm of an action recorded on July 29, 2019, modifying its actions of January 5, 2015, May 28, 2015, and January 14, 2016, and recalculating his parole violation maximum date to April 28, 2019. C.R. at 221. The same Board action also corrected the Board's actions of June 19, 2018, October 4, 2018, April 15, 2019, and May 22, 2019, due to technical errors, and recalculated Boyd-Chisholm's parole violation maximum date to November 23, 2020. On July 30, 2019, the Board responded to Boyd-Chisholm,[2] addressing his contentions that the Board was continuing to miscalculate his time in incarceration and had "wrongfully and illegally removed"

---

[2] The first paragraph of the Board's response reads as follows: "This is a response to the administrative remedies form received from you date stamped June 24, 2019. Because you object to your credit and the decision to deny you credit for time at liberty on parole, your request is considered a petition for administrative review, from the [B]oard action recorded May 22, 2019 (mailed May 29, 2019)." C.R. at 225.

**(Footnote continued on next page…)**

5

his time at liberty on parole. C.R. at 213-16; 225-26. Boyd-Chisholm now petitions this Court for review.[3]

## II.     Argument

### A. Boyd-Chisholm's Position

Boyd-Chisholm argues that the Board is required to articulate a reason for denying him credit for his time at liberty on parole. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 468 (Pa. 2017). He acknowledges that the Board issued a decision, stating he was denied credit for such time due to SCI misconduct and that he was/is a risk to the community. C.R. at 218; Boyd-Chisholm's Br. at 10. However, Boyd-Chisholm contends that, per Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa.C.S. §6138(a)(2.1), the Board has discretion to award him credit for his time at liberty on parole (also known as street time).

Section 6138 reads as follows:

(a) Convicted violators--

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee

---

[3] This Court's review is limited to a determination of whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *Shaffer v. Pa. Bd. of Prob. & Parole*, 675 A.2d 784 (Pa. Cmwlth. 1996).

6

would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. §6138.

Boyd-Chisholm maintains that the Board identified SCI misconduct as the reason for not granting him credit for his street time. He argues, however, that SCI misconduct is not related to his parole because it was not related to a new crime or any issues relative to his street time. Boyd-Chisholm contends that the statute addresses new convictions and time spent at liberty while on parole, and that his time in incarceration is within the purview of the Department of Corrections, not the Board. Boyd-Chisholm's Br. at 12.

Citing *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, _ A.3d _, (Pa., No. 92 EAL 2019, March 27, 2020), Boyd-Chisholm asserts that the Board cannot deny him credit for time in good standing while at liberty on parole prior to a violation as a CPV and

that no technical violations appear in the record. In addition, Boyd-Chisholm maintains that the Board has not referenced any negative issues related to his supervision history and that, per *Penjuke*, without a documented history of issues with his supervision while on parole, he should not be denied credit for his time on parole. Boyd-Chisholm's Br. at 16.

In addition, Boyd-Chisholm argues that the Board's decision on a single issue does not render his remaining issues moot and that the Board cannot merely correct its calculation of his maximum date and not address the other issues raised as part of his administrative appeal. Boyd-Chisholm's Br. at 13 (citing *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671 (Pa. Cmwlth. 2000)). Boyd-Chisholm asserts that, when he was charged in 2016, he was in good standing while at liberty on parole and that the Board took 19 months of street time from him in January 2018. C.R. at 191. In his administrative appeal to the Board, Boyd-Chisholm explained that he had "been made aware that due to a contract [he] was required to sign to be released that [he] gave up the right to ask for [his] time at liberty," but that he was "remorseful and apologetic for his mistakes" and that he had been gainfully employed during his time on parole and had recently become a new father. C.R. at 192. In his brief to this Court, Boyd-Chisholm suggests that several of the issues he raised in his administrative appeal may require an "evidentiary hearing," stating that, as one example, he was held on a parole detainer for a total of three months for new charges that were later dismissed on two different occasions in 2012 and 2013 and that he did not receive credit for that time. In his administrative appeal, Boyd-Chisholm specifically states:

> I was sentenced to 6 to 12 years that commenced on 6/2004. I initially served 73 months before being paroled. I was arrested

8

in January of 2011 and incarcerated for 3 months on a parole detainer before the charge was dismissed. I was arrested April of 2012 and incarcerated for 1 month on a parole detainer before the charge was dismissed. I was arrested June of 2013 and incarcerated for 2 months on a parole detainer before the case was dismissed. I was again arrested October 2013 and served 30 months on a parole hit before being re-paroled. Making it a total of 109 months served. I have now been incarcerated on a parole detainer for 11 months. Making it 120 months served on a 144[-]month sentence.

C.R. at 192-93.

Boyd-Chisholm argues that the Board did not make a decision on any of the specific time periods he asserted in his appeal, but rather determined that all the time periods were moot due to a "simple calculation." Boyd-Chisholm's Br. at 14.

## B. Board's Position

The Board responds that, in the instant case, its Hearing Report indicates the reason for not awarding Boyd-Chisholm credit for his street time was because "[t]he offender was convicted of a misdemeanor drug paraphernalia charge while he was on parole for drug related charges. After he was returned as a parole violator pending, he received a misconduct for threats and abusive language. He still presents a risk to the community at this time." C.R. at 176. The Board's decision, mailed July 9, 2018, stated it was not awarding Boyd-Chisholm credit due to the following: "SCI [m]isconduct and also shows risk to the community." C.R. at 185-86.

9

The Board acknowledges that, in *Pittman*, our Supreme Court concluded that if the Board exercises its discretion to deny a CPV credit for time at liberty on parole, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, the Board notes that our Supreme Court also determined that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. at 475 n.12. The Board notes that, in *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019), this Court held that the Board's denial of credit because a CPV's new conviction was the "same/similar to the original offense" was a sufficient explanation for denying credit, and that "given that Barnes' initial conviction included a 'violation of probation for possession of a controlled substance . . . the Board was correct that Barnes' subsequent conviction was somewhat similar to his original conviction because both convictions involved drugs." *Id*. at 391. The Board asserts that, similarly, Boyd-Chisholm's original convictions included Possession with Intent to Deliver a Controlled Substance and Possession of Drug Paraphernalia, and the crime for which his parole was revoked was Unlawful Possession of Drug Paraphernalia. C.R. at 1-2; 185-86. Thus, the Board argues, for this reason alone, it was justified in concluding Boyd-Chisholm should be denied credit for time spent at liberty on parole.

However, the Board also maintains that it had the authority to deny Boyd-Chisholm credit for time spent at liberty on parole because of his misconduct while detained at the SCI on May 23, 2018, prior to the revocation of his parole. Supplemental Certified Record (S.C.R.) at 23A. The Board specifically notes, that

10

the misconduct, "Threaten an Employee or their [sic] Family," is a type of misconduct that is appropriate for denying credit for time at liberty on parole. *Id.* Further, the Board maintains it should have the discretion to deter individuals from incurring misconducts while detained on parole violation charges and that taking a parole violator's street time is an appropriate way of deterring such misconduct. As such, the Board asserts its reasons for denying Boyd-Chisholm credit for time at liberty on parole are adequate, supported by the record, and are not an abuse of its discretion.

The Board notes that Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa.C.S. §6138(a)(2), provides that a CPV "shall be given no credit for the time at liberty on parole," if the parolee's recommitment as a CPV is so ordered. 61 Pa.C.S. §6138(a)(2). Upon recommitment as a CPV, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled, with no credit given for street time. *Id.*; *Stepoli v. Pa. Bd. of Prob. & Parole*, 525 A.2d 888 (Pa. Cmwlth. 1987). When computing the time yet to be served on the original sentence, the CPV's street time is added to the original maximum expiration date to create a new maximum date. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007).

Pursuant to a decision mailed on July 9, 2018, the Board recommitted Boyd-Chisholm as a CPV for committing the crime of Unlawful Possession of Drug Paraphernalia. C.R. at 185-86. On July 29, 2019, the Board issued an order

11

reflecting that Boyd-Chisholm's maximum sentence date had been recalculated to November 23, 2020. C.R. at 221-24.[4]

In a letter mailed to Boyd-Chisholm on July 30, 2019, the Board stated the following:

> You were paroled from [an SCI] on July 6, 2010 with a max date of June 6, 2016. This left you with a total of 2162 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a [CPV] authorized the recalculation of your sentence to reflect that, you receive no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 2162 days remaining on your sentence based on your recommitment.
>
> On October 12, 2013[,] you were arrested for new criminal charges in the Court of Common Pleas of Dauphin County at docket number 5909-2013, and posted bail on December 6, 2013. On October 12, 2013[,] the Board lodged its detainer against you. You were sentenced on October 16, 2014, to one year probation.
>
> Based on these facts, the [B]oard awarded you backtime credit from *October 12, 2013* to October 16, 2014 *(369 days)*. You were also awarded confinement credit from January 7, 2011 to March 14, 2011, April 1, 2012[,] to April 19, 2012, and from June 7, 2013[,] to July 31, 2013 (138 days). Subtracting these *507 days,* means you now had a total of *1655 days* remaining on your original sentence [*not 1710 days as initially calculated*].
>
> The Prisons and Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive a non-confinement sentence are available to serve

---

[4] When Boyd-Chisholm was last released on parole on February 18, 2016, his maximum date was June 22, 2019. The Board argues that, to the extent Boyd-Chisholm raises issues regarding credit prior to the Board's last paroling order, these issues should have been raised in an appeal of the Board's recalculation decision mailed to him on January 16, 2015. Board's Br. at 11; C.R. at 83-84.

12

the original sentence once sentenced on the outstanding charges. Thus, you did not become available to commence service of your original sentence until October 16, 2014, when you were sentenced on 5909-2013. Adding *1655 days* to that date yields a *new maximum date of April 28, 2019.*

You were then re-paroled on February 18, 2016[,] with a max date of *April 28, 2019.* This left you with a total of 1165 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 1165 days remaining on your sentence based on your recommitment.

On September 15, 2017 you were arrested for new criminal charges in the Court of Common Pleas of Cumberland County at docket number 3181-2017, and did not post bail. On September 15, 2017[,] the Board lodged its detainer against you. You were sentenced on January 29, 2018, to six months [of] probation.

Based on these facts, the [B]oard awarded you backtime credit from September 15, 2017[,] to January 29, 2018 (136 days). Subtracting these 136 days, means you now had a total of *1029 days* remaining on your original sentence [*not 1084 days as initially calculated*].

The Prisons and Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive a non-confinement sentence are available to serve the original sentence once sentenced on the outstanding charges. Thus, you did not become available to commence service of your original sentence until January 29, 2018, when you were sentenced on 3181-2017. Adding *1029 days* to that date yields a *new maximum date of November 23, 2020.*

Accordingly, all of your calculations have been corrected, and you will be receiving a new board action and PBPP39.

C.R. at 225-26 (emphasis in original).

The Board argues it had the authority to deny credit to Boyd-Chisholm, as a CPV, for all of the time he spent at liberty on parole on his sentence, 61 Pa.C.S. § 6138(a)(2), and that it properly recalculated Boyd-Chisholm's parole violation maximum sentence date to November 23, 2020.

The Board adds that, "to the extent Boyd-Chisholm is now raising issues that he believes require an evidentiary hearing, he has failed to develop his arguments in his brief by baldly failing to apply any of the facts of the case to the arguments he makes and his claims in this case are waived." Board's Br. at 11-12, n.2.

### III.    Analysis

As this Court stated in *Bandy v. Pennsylvania Board of Probation and Parole*, 530 A.2d 507, 511 (Pa. Cmwlth. 1987):   "The Board has been granted broad discretion by the General Assembly in parole matters."   Although Boyd-Chisholm takes issue with the Board's reliance on his behavior while incarcerated and the Board's assessment that he is a risk to the community, he has not provided any authority for his assertion that the Board cannot consider such matters in its overall assessment of his likelihood for success as a parolee.   In fact, the basis for the Board's position seems to be directly in line with the type of analysis we would expect when the Board is evaluating whether to award credit for time spent at liberty on parole.   In *Johnson v. Pennsylvania Board of Probation and Parole*, 532 A.2d 50, 53 (Pa. Cmwlth. 1987), we noted that

> [t]he General Assembly has mandated that the Board acquire specialized knowledge and expertise to assist it in making decisions whether or not to release prisoners on parole . . . . the Board reviews five factors prior to making a parole release decision: (1) *the extent of the risk to the community*; (2) the nature of the prisoner's offense and his prior criminal history; (3) the prisoner's job potential and employment; (4) the prisoner's *emotional* and family *stability*; and (5) the *prisoner's adjustment to prison*.

(Emphasis added.)

Although in *Johnson* we were specifically addressing parole release decisions, it is reasonable to us that the same type of analysis would be applicable in the Board's decision to award (or not award) street time. The nature of Boyd-Chisholm's crimes, along with his SCI misconduct, are relevant in predicting future behavior. Further, and as the Board states here, it "should have the discretion to deter individuals from incurring misconducts while detained on parole violation charges and taking a parole violator's street time is an appropriate way of deterring such misconducts." Board's Br. at 14. Based on same, and given the Board's broad discretion in these matters, the Board was well within its discretion, under 61 Pa.C.S. §6138, to deny Boyd-Chisholm credit for his street time. In addition, the Board met its requirement of providing a contemporaneous statement explaining its reasons for denying Boyd-Chisholm credit for his time spent at liberty on parole, per *Pittman,* and although not extensive, the statement was sufficient to support the Board's determination.

In addition, even if Boyd-Chisholm's prison misconduct was not enough, the Board argues it had sufficient reason to deny Boyd-Chisholm credit where he was a CPV who had a new conviction that was the same or similar to the

15

basis of his original conviction. We agree. Here, Boyd-Chisholm's original convictions included Possession with Intent to Deliver a Controlled Substance and Possession of Drug Paraphernalia, and the crime for which his parole was revoked was Unlawful Possession of Drug Paraphernalia. For this reason, the Board was justified in concluding Boyd-Chisholm should be denied credit for time spent at liberty on parole.

As for Boyd-Chisholm's contention that the Board erred because it only addressed some of the issues he raised when it recalculated his maximum date as a result of detecting earlier technical errors, we disagree. In its review of Boyd-Chisholm's contentions, the Board examined the calculation of Boyd-Chisholm's maximum date and determined that he was, in fact, entitled to credit for time he was incarcerated while under a Board detainer. In its July 30, 2019 letter to Boyd-Chisholm, the Board carefully explained its determination in detail. In his brief to this Court, Boyd-Chisholm asserts that the Board did not give him credit for a total period of three months for which he was held on detainers in 2012 and 2013. Boyd-Chisholm's Br. at 14. However, in its July 30, 2019 letter to Boyd-Chisholm, the Board specifically addressed the credit it awarded for these very same periods. C.R. at 225-26.

Boyd-Chisholm asserts that the Board's recalculation(s) did not settle the remainder of the issues he raised on appeal. However, we note that the Board gave Boyd-Chisholm credit for time served on all of his detainers, that the Board's adjusted calculations resulted in a correctly revised maximum, and that all of Boyd-Chisholm's remaining concerns relate to matters squarely within the Board's

16

discretion, including matters relative to credit for time Boyd-Chisholm spent at liberty on parole.

In sum, the Board acted within its authority and gave Boyd-Chisholm adequate explanation of the reason for its determination and its actions, and thus, a different outcome is not warranted. In addition, Boyd-Chisholm's reliance on this Court's recent decision in *Penjuke* is inapposite here, as *Penjuke* addressed the Board's authority, or lack thereof, to revoke street time credit previously granted to a parolee as a technical parole violator who is subsequently recommitted as a CPV. *Penjuke*, 203 A.3d at 420. However, this is not one of the issues before us in the present matter.

Further, to the extent Boyd-Chisholm is now raising issues that he believes require an evidentiary hearing, we agree with the Board that he failed to develop such arguments with sufficient facts and evidence to support his contention.

## IV.  Conclusion

Upon review of the issues raised by Boyd-Chisholm herein and our analysis of the Board's determinations, and the reasons therefor, we see no deprivation of rights or any other discernible errors. Accordingly, we affirm the decision of the Board denying Boyd-Chisholm's administrative appeal in the present matter.

_____
J. ANDREW CROMPTON, Judge

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary A. Boyd-Chisholm,  :
                    Petitioner  :
                                         :
          v.  :          No. 876 C.D. 2019
                                         :
Pennsylvania Board of Probation  :
and Parole,  :
                    Respondent  :

# **O R D E R**

**AND NOW**, this 27th day of July 2020, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
J. ANDREW CROMPTON, Judge