IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Monroe,                          :
                    Petitioner           :
                                         :
         v.                              :    No.  1783 C.D. 2019
                                         :    Submitted:  August 14, 2020
Pennsylvania Board                       :
of Probation and Parole,                 :
                    Respondent           :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                         FILED:  December 16, 2020


         Anthony Monroe (Monroe) petitions for review of a December 2, 2019
order of the Pennsylvania Board of Probation and Parole[1] (the Board) denying
administrative relief and reaffirming its prior decision denying Monroe credit for
time spent at liberty on parole (street time).  Monroe argues that the Board erred as
a matter of law and fact, was arbitrary and capricious, and made a decision that was
not based on the evidence of record.  The Board asserts that it provided a sufficient
reason supported by the record for denying Monroe credit for street time.  Also, the
Board argues that it correctly calculated Monroe's new maximum sentence date.
Upon review, we affirm the Board's order.

_____

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

# I. Background

Monroe is currently incarcerated at the State Correctional Institution (SCI) at Somerset. On November 19, 2012, Monroe pled guilty to Intent to Deliver a Controlled Substance and on June 6, 2013, pled guilty to Possession of Drug Paraphernalia. Certified Record (C.R.) at 1. As a result, Monroe was sentenced to a total incarceration of three years and six months to seven years. *Id.* Monroe's sentence was originally calculated to have a minimum sentence date of November 19, 2012, and a maximum sentence date of October 3, 2019. *Id.*

On January 7, 2017, Monroe was released on parole to an approved home plan in Williamsport, Pennsylvania. *Id.* at 7-10. Monroe failed to report to several Board-required appointments, including those related to drug and alcohol evaluation and GPS monitoring. *Id.* at 11-27. Monroe also changed his approved residence without permission in violation of the conditions of his parole. *Id.* at 28. Thus, on February 9, 2018, the Board declared Monroe delinquent on parole. *Id.* at 28-29, 90. On March 28, 2018, Monroe was arrested and charged with Delivery of a Controlled Substance, Criminal Use of a Communications Facility, Possession of a Controlled Substance, and Possession of Drug Paraphernalia (Lackawanna County Docket No. CR 97-18). *Id.* at 30-32. Also, on March 28, 2018, the Board lodged a detainer against Monroe. *Id.* at 35.

On April 17, 2018, the Pennsylvania State Police charged Monroe with Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled Substance, and Criminal Use of a Communications Facility (Lycoming County Docket No. CR 141-18). *Id.* at 36-43. On May 21, 2018, the Board issued a decision detaining Monroe pending the disposition of his new criminal charges. *Id.* at 44. On November 8, 2018, the Board charged Monroe with violating conditions of his

parole, including: leaving the district without written permission of the parole supervision staff; change of approved residence without the written permission of the parole supervision staff; and non-compliance with the GPS monitoring program. *Id.* at 49. On November 18, 2018, Monroe waived his right to a violation hearing and admitted to violating technical conditions of his parole. *I9d.* at 52.

On November 29, 2018, Monroe pled guilty to the charge of Delivery of a Controlled Substance (Lycoming County Docket No. CR 141-18) and was sentenced to 27 to 54 months of incarceration by the Lycoming County Court of Common Pleas. *Id.* at 54-56. On December 17, 2018, Monroe waived his right to a revocation hearing, admitting that he committed the crime of Delivery of a Controlled Substance while on parole. *Id.* at 69. On December 26, 2018, the Board revoked Monroe's parole and decided not to award him credit for street time because his "new conviction was same/similar to the original offense." *Id.* at 72, 76. In a decision mailed on January 7, 2019, the Board recommitted Monroe as a technical parole violator (TPV) and as a convicted parole violator (CPV). *Id.* at 82-83.

On January 15, 2019, Monroe was convicted of Possession with Intent to Deliver a Controlled Substance (Lycoming County Docket No. CR 141-18) and sentenced to three years of probation. *Id.* at 84-85. Monroe was returned to Department of Corrections' (DOC) custody on February 13, 2019, and by a decision mailed by the Board on February 15, 2019, the Board recommitted Monroe as a CPV for committing the crime of Possession with Intent to Deliver a Controlled Substance while on parole. *Id.* at 113-14. In its letter, the Board also reiterated its decision to not award Monroe credit for street time because the "new conviction was the same/similar to the original offense." *Id.* at 114.

3

In its decision mailed February 15, 2019, the Board recalculated Monroe's maximum sentence date as October 10, 2021. *Id.* In making its decision, the Board considered that when Monroe was released on parole on January 7, 2017, he had a maximum sentence date of October 3, 2019, leaving 999 days remaining on his sentence. *Id.* at 111-12. Monroe became available to begin serving the backtime on his original sentence on January 15, 2019, the day he was last sentenced for Possession with Intent to Deliver a Controlled Substance. *Id.* at 84-85, 111-12. The Board added the 999 days remaining on Monroe's sentence at the time of his parole to his January 15, 2019 sentencing date to calculate a new maximum sentence date of October 10, 2021. *Id.* at 111-12, 114.

Monroe filed an administrative appeal with the Board on March 8, 2019. *Id.* at 115-21. On December 2, 2019, the Board affirmed its decision mailed February 15, 2019. *Id.* at 122-23. Monroe now petitions this Court for review.

## II.    Discussion

Monroe argues that the Board erred by not giving him credit for street time. Additionally, Monroe asserts that the Board erred by taking time from him that he served at liberty while on parole prior to his commission of a technical violation of his parole. In sum, Monroe believes that he should receive credit for all street time from January 7, 2017, to March 28, 2018.

Monroe requests that this Court consider the nature of his street time. During two periods in January and in February 2018, Monroe was required to report to the Day Center in Williamsport, Pennsylvania, for supervision. *Id.* at 27. Additionally, from February 8, 2018, to the time of his arrest on March 28, 2018, Monroe was subject to monitoring via a GPS tracking device. While Monroe admits that he had "a string of technical violations and constraints on [his] parole," Monroe

4

contends that he was not at liberty while on parole, but was serving a constructive form of custody due to his ongoing issues. Monroe's Br. at 8-9; C.R. at 17-27. As a result, Monroe believes that the Board erred in not granting him time credit for his street time.

In support of this assertion, Monroe cites *Penjuke v. Pennsylvania Board of Probation and Parole*, in which this Court held that the Board erred in revoking street time credit previously granted to a parolee as a TPV when it subsequently recommitted the parolee as a CPV. 203 A.3d 401 (Pa. Cmwlth. 2019). However, *Penjuke* does not apply in the present case. This Court in *Penjuke* held that in interpreting 61 Pa.C.S. §6138(a)(2),[2] the "language 'shall be given no credit' is circumscribed and intended to apply only to the single and specific period of parole that led to recommitment as a CPV." *Id.* at 415. In contrast, the criminal conduct that led to Monroe's recommitment as a CPV occurred during the same period of parole as the violation that led to his recommitment as a TPV.

The Board further explains that the present case more closely resembles this Court's recent decision in *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth. 2020). In *Kazickas*, the parolee made similar arguments to Monroe, asserting that the Board could not take his street time, pursuant to this Court's decision in *Penjuke*, when he committed technical parole violations and was recommitted as a TPV during the same period of time he

---

[2] 61 Pa.C.S. §6138(a)(2) reads:

If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), **shall be given no credit** for the time at liberty on parole.

(Emphasis added.)

5

committed new crimes while on parole and was also recommitted as a CPV for those crimes. *Id.* at 115-17. This Court held that because the criminal conduct that led to the parolee's CPV recommitment occurred during the same period of parole as the violation that led to his TPV recommitment, *Penjuke* does not apply, and the Board has the authority to forfeit his street time. *Id.* at 116.

Monroe's timeline of events corresponds with this Court's holding in *Kazickas*. Monroe was released on parole on January 7, 2017, and on February 9, 2018, the Board declared Monroe delinquent on parole after numerous technical parole violations. C.R. at 7-10, 28-29, 90. Monroe's criminal conduct occurred after he violated parole, but his parole was never revoked prior to him committing his new crimes. The Board recommitted Monroe as both a TPV and a CPV simultaneously by a decision mailed January 7, 2019, and again as a CPV by a decision mailed February 15, 2019. C.R. at 82-83, 113-14. Based on these facts, we agree with the Board's argument that *Kazickas* is controlling in this case, and therefore, the Board correctly determined it had the authority to deny Monroe time at liberty on parole.

Monroe further opines that he should receive credit for street time because the Board erred in stating that it declined to give him credit because his "new conviction was the same/similar to the original offense." *Id.* at 114. Monroe cites 61 Pa. C.S. §6138(a)(2.1) and asserts that because his drug convictions do not constitute offenses that the commission of which prohibit credit for street time, the Board should have awarded him credit for street time. However, in making this assertion, Monroe neglects the language contained within the entire provision.

61 Pa. C.S. §6138(a)(2.1) reads:

(2.1) The [B]oard **may, in its discretion**, award credit to a parolee recommitted under paragraph (2) for the [street time], unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.) While Monroe correctly asserts that his committed crimes do not fall under the exceptions of (i) and (ii) which, in those instances, prohibit credit for street time, Monroe incorrectly interprets the provision as a whole. 61 Pa. C.S. §6138(a)(2.1) clearly states that the Board has discretion when deciding whether to credit a parolee for street time. The Board "may" credit a parolee, but it is not mandated to do so, as it is a discretionary determination reserved for the Board.

Our Supreme Court held in *Pittman v. Pennsylvania Board of Probation and Parole*, that if the Board exercises its discretion to deny a CPV credit for street time, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for [street time]." 159 A.3d 466, 475 (Pa. 2017). This Court has also recently held that the Board's denial of credit because a CPV's new conviction was the "same/similar to the original offense" was sufficient explanation for denying a CPV credit. *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019). Therefore, the Board did not err in exercising its discretion and denying Monroe credit for street time because Monroe's original convictions, for which he was on parole, were drug offenses, and the new crimes for which his parole was revoked were drug offenses, or "same/similar offense[s]." *See id.*

Further, upon recommitment as a CPV, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled without credit given for street time. *Stepoli v. Pa. Bd. of Prob. & Parole*, 525 A.2d 888 (Pa. Cmwlth. 1986). When computing the time yet to be served on the

7

original sentence, the CPV's street time is added to the original maximum expiration date to create a new maximum sentence date. *Palmer v. Pa. Bd. of Prob. & Parole*, 704 A.2d 195 (Pa. Cmwlth. 1997). While Monroe contends that the recalculated maximum sentence date of October 10, 2021, is incorrect, the Board did not err in its recalculation. By adding the 999 days remaining on Monroe's sentence at the time of his parole to his January 15, 2019 sentencing date, the Board calculated Monroe's new maximum sentence date in keeping with the precedent of this Court.

### III. Conclusion

For the foregoing reasons, we affirm the decision of the Board.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Monroe,                 :
           Petitioner    :
                        :
        v.                 :   No.  1783 C.D. 2019
                        :
Pennsylvania Board       :
of Probation and Parole,   :
           Respondent  :

# **O R D E R**

AND NOW, this 16th day of December 2020, we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

_____
J. ANDREW CROMPTON, Judge